# EXHIBIT A

| Date | Doc. # | Docket Type | Description |
|---|---|---|---|
| 08/08/2017 | 12 | MOTION TO DISMISS / DISSOLVE | the Complaint for failure to state a cause of action by Paul Jannuzzo and E Monika Berecky |
| 07/19/2017 | 11 | ORDER TO APPT / APPOINTING PROCESS SERV. | |
| 07/19/2017 | 10 | ORDER FOR APPEARANCE PRO HAC VICE | Christopher D Adams obo Sccy Industries LLC |
| 07/17/2017 | 9 | MOTION TO APPT / APPOINTING PROCESS SERV. | by SCCY Industries LLC w/no proposed order attached |
| 07/13/2017 | 8 | MOTION FOR APPEARANCE PRO HAC VICE | by Christopher D Adams, Esq of Adams Buchan & Palo LLC obo SCCY Industries LLC |
| 07/07/2017 | 5 | TWENTY DAY SUMMONS | To MONIKA BERECZKY rtn to atty/sop via e-service |
| 07/07/2017 | 4 | TWENTY DAY SUMMONS | .To PAUL JANUZZO rtn to atty/sop via e-service |
| 07/05/2017 | 3 | REQUEST SUMMONS | as to Paul Januzzo and Monicka Bereczky |
| 07/05/2017 | 2 | COMPLAINT | |
| 07/05/2017 | 1 | CIVIL COVER SHEET | |

Form 1.997 Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion).

I.  CASE STYLE
(Name of Court)

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA

Plaintiff  SCCY INDUSTRIES, INC.

Case #: _____

Judge: _____

vs.

Defendant  PAUL JANUZZO and E. MONIKA JANUZZO

II.  TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

| | |
|---|---|
| ☐ Condominium | ☐ Professional malpractice |
| ☐ Contracts and indebtedness | ☐ Malpractice—business |
| ☐ Eminent domain | ☐ Malpractice—medical |
| ☐ Auto negligence | ☐ Malpractice—other professional |
| ☒ Negligence—other | ☐ Other |
|   ☐ Business governance | ☐ Antitrust/Trade regulation |
|   ☒ Business torts | ☐ Business transactions |
|   ☐ Environmental/Toxic tort | ☐ Constitutional challenge—statute or |
|   ☐ Third party indemnification |   ordinance |
|   ☐ Construction defect | ☐ Constitutional challenge—proposed |
|   ☐ Mass tort |   amendment |
|   ☐ Negligent security | ☐ Corporate trusts |
|   ☐ Nursing home negligence | ☐ Discrimination—employment or other |
|   ☐ Premises liability—commercial | ☐ Insurance claims |
|   ☐ Premises liability—residential | ☐ Intellectual property |
| ☐ Products liability | ☐ Libel/Slander |
| | ☐ Shareholder derivative action |
| | ☐ Securities litigation |
| | ☐ Trade secrets |
| | ☐ Trust litigation |

CL-0891-0912

☐ Real property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001- $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 - $50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Nonhomestead residential foreclosure $0 - $50,000
    ☐ Nonhomestead residential foreclosure $50,001 - $249,999
    ☐ Nonhomestead residential foreclosure $250,000 or more
    ☐ Other real property actions $0 - $50,000
    ☐ Other real property actions $50,001 - $249,999
    ☐ Other real property actions $250,000 or more

III.    REMEDIES SOUGHT (check all that apply):
        ☒    monetary;
        ☐    nonmonetary declaratory or injunctive relief;
        ☒    punitive

IV.    NUMBER OF CAUSES OF ACTION: [ 5]
        (specify) (1) Civil Conspiracy; (2) Violation of the Civil Remedies for Criminal Practices Act; (3)
        Breach of Fiduciary Duty; (4) Fraud in the Inducement; (5) Unjust Enrichment

V.    IS THIS CASE A CLASS ACTION LAWSUIT?
        ☐  yes
        ☒  no

VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
        ☒  no
        ☐  yes    If "yes", list all related cases by name, case number, and court.

_____
_____
_____

VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?
        ☒  yes
        ☐  no

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature  /s/Thomas J. Leek                  Fla. Bar #  116408
        Attorney or party                      (Bar # if attorney)

  Thomas J. Leek_____        July 5, 2017
(type or print name)                      Date
CL-0891-0912

Filing #:58618321
Filer:Thomas J Leek
Payment:$420.00

1 Filing Fee: $400.00
2 Summons Issuance: $20.00
3 Complaints/Petitions Civil Cover Sheet: $0.00
4 Complaints/Petitions Complaint: $0.00
5 Complaints/Petitions Request that Summons be Issued: $0.00

IN THE CIRCUIT COURT FOR THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

SCCY INDUSTRIES, LLC,

       Plaintiff,

v.

PAUL JANUZZO and E. MONIKA
BERECZKY,

       Defendants.

_____/

CASE NO.:
DIVISION:

## COMPLAINT

COMES NOW, Plaintiff, SCCY INDUSTRIES, LLC ("SCCY"), and sues Defendants,

PAUL JANUZZO and E. MONIKA BERECZKY, and states as follows.

### JURISDICTION, VENUE, AND PARTIES

1.    This is an action for civil conspiracy, violation of the Civil Remedies for Criminal

Practices Act, breach of fiduciary duty, fraud in the inducement, and unjust enrichment valued at

over $15,000.00 exclusive of interest, attorneys' fees, and costs.

2.    Plaintiff, SCCY INDUSTRIES, LLC ("SCCY"), is a limited liability company

organized under the laws of the state of Florida with its principal address at 1800 Concept Court,

Daytona Beach, FL 32114.

3.    Defendant, PAUL JANUZZO, is an individual residing in Savannah, Chatham

County, Georgia.

4.    Defendant, MONIKA BERECZKY is an individual residing in Savannah, Chatham

County, Georgia.

2017 31179 CICI

5. This Court has jurisdiction over this matter pursuant to section 48.193, Florida Statutes as the Defendants committed tortious acts within the state of Florida.

6. Venue is proper in this Court pursuant to section 47.011, Florida Statutes, as the acts giving rise to the instant lawsuit occurred in Volusia County, Florida.

## GENERAL ALLEGATIONS

7. Upon information and belief, Defendants PAUL JANUZZO and MONIKA BERECZKY are husband and wife.

8. SCCY is a manufacturer of firearms, and heavily regulated by a number of governmental agencies. Defendant PAUL JANUZZO joined SCCY as the Chief Operating Officer and General Counsel in October of 2015.

9. PAUL JANUZZO's job duties as Chief Operating Officer and General Counsel were such that he was responsible for overseeing SCCY's compliance matters with state and federal authorities, the company's day-to-day operations, and was the contact person for outside legal counsel and all governmental regulatory authorities.

10. At all times material, Defendant MONIKA BERECZKY was employed by SCCY beginning in May 2016, as the Compliance Manager, handling human resources and other compliance matters.

11. During PAUL JANUZZO'S employment with SCCY, Chief Executive Officer, Joe Roebuck ("Roebuck"), received numerous complaints from employees and vendors about PAUL JANUZZO's unpredictable, aggressive, and inappropriate workplace conduct.

12. PAUL JANUZZO attempted to get finance and accounting to directly report to him, but Roebuck refused. On or around December 12, 2017, PAUL JANUZZO confronted Roebuck regarding an organizational chart that had finance and accounting reporting directly to Roebuck,

and regarding PAUL JANUZZO's behavior as an employee of SCCY. Roebuck made the decision to terminate PAUL JANUZZO's employment shortly thereafter, and went about coordinating the logistics of the same.

13.     On or around January 11, 2017, Roebuck met with PAUL JANUZZO. During the meeting, PAUL JANUZZO became irrationally angry, hurled profanity-laced insults at everyone within reach, and physically threatened both Roebuck and SCCY.

14.     PAUL JANUZZO came to the meeting with a manila envelope. PAUL JANUZZO waived the manila envelope in front of Roebuck's face, and threatened that he was going to turn over the contents of the envelope to "the Feds" and the "media", and that he (PAUL JANUZZO) "would blow this place (SCCY) up."

15.     PAUL JANUZZO demanded that he immediately be given $260,000.00 in cash from SCCY, and an additional $260,000.00 over the course of a year, or he would give the unknown contents of the manila envelope to federal authorities and the media.

16.     Roebuck resisted, and informed PAUL JANUZZO that he could not obtain $260,000.00 immediately.

17.     During the meeting, PAUL JANUZZO set his phone on the table and placed a phone call, via the speaker phone function, to a man who claimed to be in Texas. PAUL JANUZZO told the man to release the "information" to the "Feds and media". The unknown man replied that it would take forty (40) minutes for him to get some place to transmit the information. PAUL JANUZZO then began counting down the minutes for all to hear before the information would be released if Roebuck and SCCY did not acquiesce to his demands.

18.     PAUL JANUZZO forced Roebuck to drive to the bank with him following in the car behind Roebuck. PAUL JANUZZO followed Roebuck into the bank, sat beside him, and

forced Roebuck to immediately transfer $260,000.00 to a Charles Schwab & Co. account, in Sioux Falls, South Dakota. PAUL JANUZZO then confirmed that the money was in his account, and the two left the bank.

19.    After the money was wired, PAUL JANUZZO returned to SCCY immediately and hastily drafted an agreement requiring SCCY to wire $260,000.00 that day to PAUL JANUZZO, which had already happened, and pay the remainder weekly to PAUL JANUZZO until $520,000.00 was paid to PAUL JANUZZO.

20.    Under duress, in fear physical harm, and of what PAUL JANUZZO might do to damage his company, Roebuck signed the agreement as CEO of SCCY.

21.    SCCY contacted the Federal Bureau of Investigation shortly thereafter, who are actively investigating the matter.

22.    SCCY discontinued the weekly payments to PAUL JANUZZO upon discussing the matter with the FBI.

## COUNT I—CIVIL CONSPIRACY

23.    SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

24.    This is an action against PAUL JANUZZO and MONIKA BERECZKY for civil conspiracy, with damages in excess of $15,000.00 exclusive of costs and interest.

25.    As PAUL JANUZZO feared that he would soon be terminated after his confrontation with Roebuck, he conspired with MONIKA BERECZKY to extort money from SCCY to offset the losses he would suffer if his employment was terminated.

26.    PAUL JANUZZO and MONIKA BERECZKY, acting in concert, concocted a scheme in which PAUL JANUZZO would maliciously threaten SCCY of violating the law or

otherwise threaten communication to outside parties that would cause injury to SCCY's financial wellbeing and reputation, unless SCCY paid certain sums demanded to PAUL JANUZZO.

27.    PAUL JANUZZO executed an overt act in pursuance of the conspiracy by drafting the agreement requiring SCCY to wire the $260,000.00 and then to make weekly payments to himself.

28.    PAUL JANUZZO and MONIKA BERECZKY executed an overt act in pursuance of the conspiracy by accompanying Roebuck to SCCY's financial institution to ensure that the $260,000.00 was wired to PAUL JANUZZO.

29.    As a result of PAUL JANUZZO's and MONIKA BERECZKY's unlawful conspiracy, SCCY has suffered damages.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT II—VIOLATION OF THE CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT

30.    SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

31.    This is an action against PAUL JANUZZO and MONIKA BERECZKY for a violation of the Civil Remedies for Criminal Practices Act as outlined in section 772.103, Florida Statutes, with damages in excess of $15,000.00 exclusive of attorneys' fees, costs, and interest.

32.    Both PAUL JANUZZO and MONIKA BERECZKY have with criminal intent directly and indirectly received proceeds from their extortion of SCCY in the form of the initial wire transfer and subsequent checks from SCCY.

33.    PAUL JANUZZO extorted SCCY to sign the agreement to pay him sums which he was not otherwise entitled to.

34.     PAUL JANUZZO then unlawfully coerced and extorted SCCY into transferring him $260,000.00 and to write him checks on a weekly basis for the remaining amounts he declared owed to himself.

35.     The actions outlined in paragraphs 1-22 and 31-33 form a pattern of criminal activity.

36.     SCCY has been injured by Defendants' violations of section 772.103, Florida Statues and is entitled to threefold their actual damages pursuant to section 772.104, Florida Statues.

37.     SCCY has retained the law firm of Cobb Cole to provide them with legal services in this matter and has agreed to pay them a reasonable fee for such services.

38.     SCCY is entitled to recover their attorneys' fees from Defendants pursuant to section 772.104, Florida Statutes.

WHEREFORE, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, attorneys' fees, costs, and interest, and for such other and further relief as this Court finds just and proper.

### COUNT III—BREACH OF FIDUCIARY DUTY

39.     SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

40.     This is an action for breach of fiduciary duty against PAUL JANUZZO, with damages in excess of $15,000.00 exclusive of interest and costs.

41.     While PAUL JANUZZO served as general counsel for SCCY he shared a fiduciary relationship with SCCY whereby SCCY reposed trust and confidence in PAUL JANUZZO and PAUL JANUZZO undertook such trust and assumed a duty to advise, counsel, and protect SCCY.

42.     PAUL JANUZZO breached that duty to SCCY by extorting and defrauding SCCY into wiring and paying sums which were not due to him and to which he had no legal right.

43.     As a result of PAUL JANUZZO's breach of fiduciary duty, SCCY has suffered damages.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendant, PAUL JANUZZO, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT IV—FRAUD IN THE INDUCEMENT

44.     SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

45.     This is an action for fraud in the inducement against PAUL JANUZZO for fraud in the inducement, with damages in excess of $15,000.00 exclusive of interests and costs.

46.     JANUZZO made false statements of material fact concerning the impending release of information which would greatly damage the financial wellbeing of SCCY and its reputation.

47.     Such information was never in the possession of PAUL JANUZZO, does not exist, and therefore could not be released to harm SCCY.

48.     PAUL JANUZZO knew or should have known his representations to SCCY were false.

49.     Such false representations were intended to induce SCCY to act.

50.     SCCY has suffered damages in the form of funds transferred or paid to PAUL JANUZZO in furtherance of his extortion scheme and fraudulent conduct.

51.     SCCY is therefore entitled to rescission of the agreement entered into with PAUL JANUZZO and the return of all sums SCCY paid to JANUZZO pursuant to the terms of the agreement.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendant, PAUL JANUZZO, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT V—UNJUST ENRICHMENT

52. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

53. This is an action for unjust enrichment against PAUL JANUZZO and MONIKA BERECZKY for unjust enrichment, with damages in excess of $15,000.00 exclusive of interests and costs.

54. SCCY has conferred benefits on PAUL JANUZZO and MONIKA BERECZKY in the form of a wire transfer and subsequent payments in relating to their civil conspiracy to extort SCCY.

55. Defendants have voluntarily accepted and retained the benefits conferred on them by SCCY.

56. As the benefits conferred upon Defendants by SCCY as a result of Defendants' unlawful conduct, it would be inequitable to allow them to retain the fruits of their wrongful actions.

57. The agreement at issue in this matter was for an illegal purpose and is therefore void.

58. As such, it would be contrary to the public policy of the state of Florida to allow Defendants' to profit from their unlawful conduct.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## JURY TRIAL

SCCY INDUSTRIES, LLC., demands trial by jury on all actions so triable.

Dated this 5th day of July, 2017.



By:     /s/ Thomas J. Leek
        THOMAS J. LEEK
        FLA. BAR NO. 116408
        Primary e-mail address:
        Thomas.Leek@cobbcole.com
        Secondary e-mail address:
        Michele.Staples@cobbcole.com
        Post Office Box 2491
        Daytona Beach, FL 32115-2491
        Telephone: (386) 323-9210
        Facsimile: (386) 944-7954
        ATTORNEY FOR PLAINTIFF

William M. Cobb
(1881-1939)
Thomas T. Cobb
(1916-2004)
W. Warren Cole, Jr.
(1925-2008)
C. Allen Watts
(1946-2015)

Harold C. Hubka
Scott W. Cichon
Robert A. Merrell III
John P. Ferguson
Thomas J. Leek
Mark A. Watts
Heather Bond Vargas
Kelly Parsons Kwiatek
Kathleen L. Crotty
Andrea M. Kurak



## COBB COLE
### Attorneys at Law
Since 1925

Daytona Beach • DeLand

149 South Ridgewood Avenue, Suite 700
Daytona Beach, Florida 32114
(386) 255-8171
CobbCole.com

Matthew S. Welch
Michael J. Woods
Michael O. Sznapstajler
Melissa B. Murphy
Pamela R. Masters
Robert E. Doan
Rachel I. Pringle
Kelsie W. Willett
Erica C. Johnson

OF COUNSEL
Larry D. Marsh
Maja Sander Bowler
William A. Parsons
Peter R. J. Thompson*

RETIRED
Jay D. Bond, Jr.
Rhoda Bess Goodson
Thomas S. Hart

*Practice limited to federal
immigration matters

July 5, 2017

Laura E. Roth
Attn: Circuit Civil Division
Volusia County Courthouse
Post Office Box 6043
DeLand, FL 32721-6043

     Re:    SCCY Industries, LLC v. Paul Januzzo and E. Monika Bereczky

Dear Ms. Roth:

     We have electronically filed the following documents through the e-portal today, July 5, 2017:

1.    Civil Cover Sheet; and

2.    Complaint.

     Please issue summonses on the following defendants. The $20 fee for issuance of the summonses has been paid through the E-Portal system.

1.    Paul Januzzo

2.    E. Monika Bereczky.

     Thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact my office.

Sincerely,

*Thomas J. Leek/mcs*

**Thomas J. Leek**
Direct Dial (386) 323-9210
Email Thomas.Leek@CobbCole.com
Fax (386) 944-7954

TJL:mcs

(041261-006 : TLEEK/DRFTMSC : 02153304 DOCX; 1)

2017 31179 CICI

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

**Judge** : Michael S. Orfinger - Div. 32
**Case No :** 2017 31179 CICI

SCCY INDUSTRIES LLC     -vs-     PAUL JANUZZO, ET AL
**Plaintiff(s),**                        **Defendant(s).**

## SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

PAUL JANUZZO

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken, without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's attorney" named below:

THOMAS J LEEK
COBB COLE
PO BOX 2491
DAYTONA BEACH, FL 32115-2491

**DATED : July 7, 2017**

rtn to atty/sop via e-service

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**
7/7/2017 11:30:20 AM 2017 31179 CICI

7/7/2017 11:30:20 AM 2017 31179 CICI

**By :** Deborah Guzman, Deputy Clerk
e-Signed 7/7/2017 11:30:20 AM 2017 31179 CICI

CL-0374-1612                (See reverse side for Spanish and French portion.)

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

### ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

Judge : Michael S. Orfinger - Div. 32
Case No : 2017 31179 CICI

SCCY INDUSTRIES LLC     -vs-     PAUL JANUZZO, ET AL
**Plaintiff(s),**     **Defendant(s).**

## SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

MONIKA BERECZKY

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken, without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's attorney" named below:

THOMAS J LEEK
COBB COLE
PO BOX 2491
DAYTONA BEACH, FL 32115-2491

**DATED : July 7, 2017**

rtn to atty/sop via e-service

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**
7/7/2017 11:30:20 AM 2017 31179 CICI

**By : Deborah Guzman, Deputy Clerk**
e-Signed 7/7/2017 11:30:20 AM 2017 31179 CICI

CL-0374-1612     (See reverse side for Spanish and French portion.)

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

IN THE CIRCUIT COURT FOR THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

SCCY INDUSTRIES, LLC,

      Plaintiff,

v.

PAUL JANUZZO and E. MONIKA
BERECZKY,

      Defendants.

_____/

CASE NO.:   2017 31179 CICI
DIVISION:   32

### VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

COMES NOW, Christopher D. Adams ("Movant") of Adams Buchan & Palo, LLC, who hereby moves this Court for permission to appear as co-counsel with Thomas J. Leek on behalf of plaintiff, SCCY INDUSTRIES, LLC, with respect to this lawsuit. In support of this motion, Movant submits:

1.     Movant resides in Colts Neck, New Jersey. Movant is not a resident of the State of Florida.

2.     Movant is the Managing Partner of Adams Buchan & Palo, LLC, with offices at 146 Route 34, Suite 325 Holmdel, NJ 07733, Telephone (732) 837-4544.

3.     Movant has been retained personally or as a member of the above-named law firm by plaintiff, SCCY INDUSTRIES, LLC, to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.     Movant is an active member in good standing and currently eligible to practice law in the following jurisdictions:

     (a)    State of New Jersey, Bar Number 012361999;

(b)     United States District Court for the District of New Jersey; and

(c)     United States Court of Appeals for the Third Circuit.

5.     Movant has been admitted *pro hac vice* in the following jurisdictions:

(a)     United States District Court for the Eastern District of California; and

(b)     United States District Court for the Northern District of Illinois.

6.     There are no disciplinary proceedings pending against Movant.

7.     Within the past five (5) years, Movant has not been subject to any disciplinary proceedings.

8.     Movant has never been subject to any suspension proceedings.

9.     Movant has never been subject to any disbarment proceedings.

10.     Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

11.     Movant is not an inactive member of The Florida Bar.

12.     Movant is not now a member of The Florida Bar.

13.     Movant is not a suspended member of The Florida Bar.

14.     Movant is not a disbarred member of The Florida Bar nor has movant received a disciplinary resignation from The Florida Bar.

15.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

16.     Movant has not filed any motions to appear as counsel in Florida state courts during the past five (5) years.

17.     Local counsel of record associated with Movant in this matter is Thomas J. Leek, Florida Bar Number 116408, who is an active member in good standing of The Florida Bar. Thomas J. Leek has offices at Cobb Cole, 149 S. Ridgewood Avenue, Suite 700, Daytona Beach, Volusia County, Florida 32114, Telephone: (386) 323-9210.

18.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that that this verified motion complies with those rules.

19.     Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this Court for this cause only.

DATED this ___11___ day of July, 2017.

ADAMS BUCHAN & PALO, LLC

By: _____

Christopher D. Adams
146 Route 34, Suite 325
Holmdel, NJ 07733
Telephone: (732) 837-4544

STATE OF FLORIDA
COUNTY OF VOLUSIA

I, CHRISTOPHER D. ADAMS, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

CHRISTOPHER D. ADAMS

Before me appeared CHRISTOPHER D. ADAMS, personally known to me or who produced government issued identification, who swore or affirmed under penalty of perjury that he is the Movant in the above-styled matter; that she has read the foregoing Motion and knows its contents, and the contents are true of his own knowledge and belief.

NOTARY PUBLIC:

Sign: _Ashley Agnes Miller_

Print: _Ashley Agnes Miller_
(Seal)
My Commission Expires: 05|02|2021
Title/Rank: GG
Commission Number: 100161

Notary Public State of Florida
Ashley Agnes Miller
My Commission GG 100161
Expires 08/02/2021

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

Dated this 13th day of July, 2017.



By: /s/ Thomas J. Leek
        THOMAS J. LEEK
        FLA. BAR NO. 0116408
        Primary Email: Thomas.Leek@CobbCole.com
        Secondary Email: Michele.Staples@CobbCole.com
        149 S. Ridgewood Ave., Suite 700
        Post Office Box 2491
        Daytona Beach, FL 32115-2491
        Telephone: (386) 323-9210
        Facsimile: (386) 944-7954

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was filed electronically via the Florida e-portal on this 13th day of July, 2017 and served by U.S. mail accompanied by the $250.00 filing fee made payable to The Florida Bar to:

PHV Admissions
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2333

                              /s/ Thomas J. Leek
                              Attorney

Filing #:58992782
Filer:Thomas J Leek
Payment:$100.00

1 Filing Fee: $0.00
2 Motions/Stipulations/Agreements Motion for Appearance Pro Hac
Vice: $100.00

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT IN AND FOR
VOLUSIA COUNTY, FLORIDA

SCCY INDUSTRIES, LLC,

      Plaintiff,

v.

PAUL JANUZZO and E. MONIKA
BERECZKY,

      Defendants.

_____/

CASE NO.:   2017 31179 CICI
DIVISION:   32

### *EX PARTE* MOTION TO APPOINT ELISOR

Plaintiff, SCCY INDUSTRIES, LLC ("SCCY"), pursuant to Fla. R. Civ. P. 1.070(b), hereby moves the Court to appoint Glenn Christian of Coastal Investigations, 139 Live Oak Circle, Pembroke, Georgia 31321 ("Elisor") for the purpose of serving the original process in this action on defendants, PAUL JANUZZO and E. MONIKA BERECZKY. In support of this motion, plaintiff states:

    1.    Plaintiff filed an action against defendants, PAUL JANUZZO and E. MONIKA BERECZKY, for civil conspiracy, violation of the Civil Remedies for Criminal Practices Act, breach of fiduciary duty, fraud in the inducement and unjust enrichment valued at over $15,000.00.

    2.    Defendant, PAUL JANUZZO, has not been served with original service of process.

    3.    Defendant, PAUL JANUZZO, resides at 15 Romerly Road, Savannah, Georgia 31411, Chatham County, Georgia.

    4.    Defendant, E. MONIKA BERECZKY, has not been served with original service of process.

5.      Defendant, E. MONIKA BERECZKY, resides at 15 Romerly Road, Savannah, Georgia 31411, Chatham County, Georgia.

6.      The Chatham County Sheriff's Department has been unable to serve defendants, PAUL JANUZZO and E. MONIKA BERECZKY as of the time of filing this motion.

7.      Plaintiff believes the appointment of the Elisor, as special process server, will result in a more diligent and expeditious service of process.

8.      The Elisor is a disinterested person, and is over the age of 18 years.

WHEREFORE, SCCY INDUSTRIES, LLC, hereby requests that the Court enter an Order appointing Glenn Christian of Coastal Investigations, 139 Live Oak Circle, Pembroke, Georgia 31321 to serve original process of the initial pleadings on defendants, PAUL JANUZZO and E. MONIKA BERECZKY.



Dated:  July 17, 2017                    By:   /s/ Thomas J. Leek
                                                 THOMAS J. LEEK
                                                 FLA. BAR NO. 116408
                                                 Primary e-mail address:
                                                 Thomas.Leek@cobbcole.com
                                                 Secondary e-mail address:
                                                 Michele.Staples@cobbcole.com
                                                 Post Office Box 2491
                                                 Daytona Beach, FL 32115-2491
                                                 Telephone:  (386) 323-9210
                                                 Facsimile:  (386) 944-7954
                                                 ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT FOR THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

SCCY INDUSTRIES, LLC,

        Plaintiff,

v.

PAUL JANUZZO and E. MONIKA
BERECZKY,

        Defendants.

_____/

CASE NO.: 2017 31179 CICI
DIVISION: 32

## ORDER ON VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

THIS MATTER has come before the Court upon the verified motion of Christopher D. Adams of Adams Buchan & Palo, LLC to be admitted as co-counsel for Plaintiff, SCCY INDUSTRIES, LLC. The Court having considered the papers and pleadings filed herein, it is therefore:

ORDERED AND ADJUDGED that:

1. Christopher D. Adams' Verified Motion for Admission to Appear Pro Hac Vice Pursuant to Florida Rule of Judicial Administration 2.510 is hereby GRANTED.

2. Christopher D. Adams is hereby admitted in the above-styled cause as co-counsel with Thomas J. Leek of the law firm of Cobb Cole.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, on this 19th day of July, 2017.

MICHAEL S. ORFINGER
CIRCUIT JUDGE

Conformed copies to:
Thomas J. Leek, Esq.
Christopher D. Adams, Esq.

{041261-006 : TLEEK/DRFTMSC : 02156122.DOCX; 1}

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT IN AND FOR
VOLUSIA COUNTY, FLORIDA

SCCY INDUSTRIES, LLC,

    Plaintiff,

v.

PAUL JANUZZO and E. MONIKA
BERECZKY,

    Defendants.

CASE NO.:   2017 31179 CICI
DIVISION:   32

_____/

## ORDER ON *EX PARTE* MOTION TO APPOINT ELISOR

This cause came to be heard on Plaintiff's, SCCY INDUSTRIES, LLC, *Ex* Parte Motion

to Appoint Elisor, and it is thereupon ORDERED AND ADJUDGED:

    1.    The Motion is GRANTED.

    2.    That Glenn Christian of Coastal Investigations, 139 Live Oak Circle, Pembroke,

GA 31321 ("Process Server"), a competent and disinterested person over the age of 18 years, is

appointed to serve original process of the initial pleading on Defendants, PAUL JANUZZO and

E. MONIKA BERECZKY, in this cause.

    3.    The Process Server shall make proof of service by affidavit promptly and in any

event within the time during which the party served must respond to the process. The affidavit of

service shall be indicated on the service return.

    DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida on this

14th day of July, 2017.

MICHAEL ORFINGER
CIRCUIT JUDGE

Copies to:
Thomas J. Leek, Esq. (eService by Clerk)

{041261-006 : TLEEK/DRFTMSC : 02154912.DOCX; 2}

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT
In and for Volusia County, Florida

SCCY Industries, LLC,

*Plaintiff,*

Case No.   2017 31179 CICI

*v.*

Division:   32

Paul Jannuzzo and
E. Monika Bereczky,

*Defendants.*

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants Paul Jannuzzo and E. Monika Bereczky move to dismiss the Complaint under
Fla. R. Jud. Admin. 1.140(b)(2) and (6) for failure to state causes of action against either of them and
because this Court lacks personal jurisdiction over Bereczky.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's fantastical Complaint presents allegations that make no factual sense in the real
world. Essentially, Plaintiff SCCY Industries, LLC (SCCY) alleges that it is a manufacturer of firearms
and that it hired Jannuzzo as an officer in October 2015, whereby Jannuzzo was responsible for
overseeing day-to-day operations and SCCY's compliance with state and federal regulatory
authorities.[1] Then, after disagreeing about an organizational chart, SCCY's CEO Joe Roebuck decided
to terminate Jannuzzo.[2]

After this alleged disagreement, Jannuzzo was purportedly incensed and decided to blackmail
Roebuck. According to the Complaint, Jannuzzo brought a manila envelope to a meeting, and
allegedly threatened to release the contents of it to the "feds" and "media" unless he was given

_____

[1]   Compl. ¶ 8.

[2]   Compl. ¶ 12.

1

$260,000 in cash and another $260,000 in installments.[3] But the Complaint doesn't say what, if anything, was in the envelope. In fact, the Complaint indicates that the contents of the manila envelope were "unknown" to SCCY.[4]

The Complaint then goes on to allege that Jannuzzo "forced" Roebuck to drive to a bank *in a separate car*.[5] While at the *bank*, a public financial institution, during operating hours and in public, Jannuzzo somehow forced Roebuck to wire money to Jannuzzo's South Dakota bank account.[6] Then the two went *back* to SCCY (presumably in their separate cars), at which point Roebuck sat and waited while Jannuzzo drafted an entire agreement to formalize the immediate and installment payments to Jannuzzo, before Roebuck, fearing "physical harm" and "what PAUL JANNUZZO might do to damage his company," signed the contract.[7] Thereafter, SCCY actually started paying the installment amounts due under that contract.[8] The Complaint doesn't attach the very contract at issue.

The general allegations of the Complaint do not accuse Bereczky of having taken any action— overt or otherwise. In Count I, Plaintiff alleges that Jannuzzo conspired acted in concert with Bereczky to extort money from SCCY, but alleges no other facts in support of the existence of a conspiracy.[9] In Count II, Plaintiff claims that Bereczky, with criminal intent, received proceeds from Defendants' alleged extortion of SCCY, but does not allege how or why Bereczky allegedly received such proceeds as a result of the actions purportedly committed by Jannuzzo.[10] The Complaint does not allege how

---

[3]   Compl. ¶¶ 14–15.

[4]   Compl. ¶ 15.

[5]   Compl. ¶ 18.

[6]   Compl. ¶ 18.

[7]   Compl. ¶¶ 19–20.

[8]   Compl. ¶ 20–22.

[9]   Compl. ¶¶ 25–26.

[10]  Compl. ¶ 32.

2

Bereczky purportedly extorted SCCY. Nor does SCCY ever allege it paid Bereczky anything.

Count III appears to be directed solely at Jannuzzo, claiming that he breached his fiduciary duties to SCCY. However, according to the Complaint, the infringing conduct—alleged extortion and fraud—occurred after Jannuzzo's employment had been terminated.[11] Count IV also appears to be directed solely at Jannuzzo. That cause of action for fraud in the inducement asserts Jannuzzo made "false statements of material fact concerning the impending release of information which would greatly damage the financial wellbeing of SCCY and its reputation."[12] The Complaint further claims that "[s]uch information was never in the possession of PAUL JANNUZZO, does not exist, and therefore could not be released to harm SCCY."[13] But SCCY doesn't explain *what* information Jannuzzo purportedly threatened to release or how such (non-existent) information could have damaged SCCY's financial position or reputation. Further, SCCY never alleges anything suggesting that it ever learned what the contents of the mysterious manila envelope were.[14] If it didn't know what was in the envelope, how could SCCY assert that the information was false or doesn't exist?

Finally, Count V for unjust enrichment must fail. The Complaint does not assert any facts demonstrating that SCCY conferred any benefit on Bereczky. It alleges only that a wire transfer was made to *Jannuzzo*.[15] SCCY apparently contends that Defendants received a benefit without conferring one on SCCY. But the Complaint also alleges that SCCY entered into an agreement with Jannuzzo related to those immediate and installment payments.[16] Because SCCY hasn't attached that agreement to the Complaint, its suggestions that (1) it received no benefit in exchange for the alleged payments

---

[11] Compl. ¶¶ 12–13.

[12] Compl. ¶ 46.

[13] Compl. ¶ 47.

[14] Compl. ¶ 15.

[15] Compl. ¶¶ 15, 18, 19.

[16] Compl. ¶¶ 18–22.

to Jannuzzo, (2) Jannuzzo knew he received a benefit, and (3) that it would be inequitable to allow Jannuzzo to retain that benefit ring hollow.

## ARGUMENT

A.  **This Court does not have personal jurisdiction over Bereczky. The Complaint does not allege any facts showing that Bereczky took any action at all, much less that such actions were committed in or directed at the State of Florida.**

The Complaint alleges that Bereczky is a resident of the State of Georgia.[17] The Supreme Court of Florida has articulated a two-step inquiry for determining whether long-arm jurisdiction over a nonresident defendant in a given case is proper: "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements."[18]

The Florida long arm statute describes the circumstances that must attach before state courts can exercise personal jurisdiction over a non-resident.[19] Relevant here is whether Bereczky committed a tortious act within the state.[20] Plaintiff has failed to alleged facts supporting its bare legal conclusions that Bereczky engaged in *any* act. While the Complaint accuses her of misconduct, it never states what she allegedly did in violation of the law. Nor are any facts alleged to show that Bereczky's (undefined) conduct occurred in or was directed toward Florida. From the allegations in the Complaint, it is impossible to determine that Bereczky committed any act that renders the exercise of jurisdiction over her appropriate in this Court.[21] Accordingly, all of the claims against her must be dismissed.

---

[17]  Compl. ¶ 4.

[18]  *Wendt v. Horowitz*, 822 So. 2d 1252, 1257 (Fla. 2002).

[19]  Fla. Stat. § 48.193.

[20]  Fla. Stat. § 48.193(1)(a)(2).

[21]  *See* Compl. ¶¶1–22 ("General Allegations") (containing no allegations about any action supposedly taken by Bereczky).

4

**B. Plaintiff fails to state a plausible cause of action against either Defendant on all counts.**

Under Florida procedural law, a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief.[22] Even if it were appropriate for the Court to exercise jurisdiction over Bereczky, all of Plaintiff's claims against both Defendants should be dismissed.

The United States Supreme Court has also made clear that to survive a motion to dismiss, broad legal conclusions are not enough: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[23] A plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24] Rather, a plaintiff's allegations must at least be *plausible*.[25] On a motion to dismiss, a court's task is straightforward: it should begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[26]

**1. Plaintiff's claims for civil conspiracy (Count I) fail because it has not adequately pleaded extortion, nor has it plausibly alleged any facts showing that the Defendants acted in concert.**

"The essentials of a complaint for civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the

---

[22]  Fla. R. Civ. P. 1.110; *see also, e.g., Barrett v. City of Margate*, 743 So. 2d 1160, 1162–63 (Fla. 4th DCA 1999) ("It is insufficient to plead opinions, theories, legal conclusions or argument."); *Maiden v. Carter*, 234 So. 2d 168, 170 (Fla. 1st DCA 1970) ("It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.").

[23]  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[25]  *Id.* at 570.

[26]  *Iqbal*, 556 U.S. at 679.

conspiracy."[27] Ordinarily, there is no independent tort for conspiracy, unless the plaintiff can show some "peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess, then conspiracy itself becomes an independent tort. . . . The essential elements of this tort are a malicious motive and coercion through numbers or economic influence."[28]

Plaintiff has not adequately pleaded extortion, the underlying crime on which it appears to base its claim for civil conspiracy.[29] To be guilty of extortion in Florida, a defendant must have either: maliciously threatened (1) another with any crime or offense, (2) an injury to the property or reputation of another, or threatened to expose the other to disgrace, (3) to expose a secret affecting another, or (4) to impute any deformity or lack of chastity to another."[30] Plaintiff appears to be alleging that Jannuzzo's having waived around a manila folder of "unknown" contents somehow constituted a threat. However, Plaintiff alleges it didn't know what the contents of that envelope were and doesn't identify how said contents might have been used to gain any pecuniary advantage over SCCY or get SCCY to perform any act against its will.[31]

As to Bereczky, the Complaint purports to allege that she extorted SCCY, but it does not allege a single act that she committed that could possibly be read to support that conclusion. Nor should the Court give credence to Plaintiff's unadorned allegations that extortion occurred simply by way of Jannuzzo's bringing an envelope—contents unknown— to a meeting. There is no way from the facts alleged in the Complaint for the Court to divine whether the contents of the envelope, if any,

---

[27] *Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Cty.*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993).

[28] *Kent v. Kent*, 431 So. 2d 279, 281 (Fla. 5th DCA 1983).

[29] Compl. ¶ 25.

[30] Fla. Stat. § 836.05.

[31] Compl. ¶¶ 15–17.

6

contained any materials that could form the basis of an unlawful or malicious threat. (In fact, the Complaint later alleges that Jannuzzo never possessed the allegedly damaging information and that such information doesn't exist.[32])

Finally, there are no facts in the Complaint that demonstrate how Defendants allegedly acted in concert or connived together in attempt to extort money from Plaintiff. While Plaintiff makes this very conclusion,[33] there remain no actual allegations of any actions taken by Bereczky. Indeed, the entire Complaint is bereft of anything Bereczky allegedly did.

### 2. Plaintiff's claims for violations of the Civil Remedies for Criminal Practices Act (Count II) fail because the Complaint does not allege any facts to show a pattern of criminal activity.

Plaintiff appears to claim that Defendants, with criminal intent, directly and indirectly received proceeds from an alleged extortion of SCCY in the form of the initial wire transfer and subsequent checks from SCCY.[34] Those bare allegations, without more, do not give rise to a cause of action under Fla. Stat. § 772.103.

As discussed above, Plaintiff has not adequately pleaded extortion. Second, each subsection of Fla. Stat. § 772.103 clearly requires that a defendant engage in a *pattern* of criminal activity to be liable.[35] While the Complaint concludes that "the actions outlined in paragraphs 1–22 and 31–33 form a pattern of criminal activity," the facts themselves only detail a solitary occurrence of allegedly improper conduct.[36] Plaintiff has not attempted to show how Defendants' alleged actions could be understood as part of a larger pattern of behavior—particularly since it doesn't allege any specific

---

[32]    Compl. ¶ 47.

[33]    Compl. ¶ 26.

[34]    Compl. ¶¶ 32–33.

[35]    *See* Fla. Stat. § 772.103(1)–(3).

[36]    Compl. ¶ 35.

behavior by Bereczky. Any attempt to parse the single instance of alleged misconduct into discrete pieces must also fail. "[E]ven if a commercial dispute arises from a scheme to defraud a plaintiff or plaintiffs, breaking up one scheme into several parts does not create a pattern."[37]

### 3. Plaintiff's claim against Jannuzzo for breach of fiduciary duty (Count III) fails because Plaintiff's allegations negate the existence of a fiduciary relationship at the time of the alleged misconduct.

A claim for breach of fiduciary duty requires a plaintiff to allege (1) an existing fiduciary duty, (2) a breach of that duty, and (3) damages proximately caused by the breach.[38] Here, Plaintiff hasn't allege that any fiduciary duty existed at the time of the purported misconduct. Plaintiff's lone allegation concerning of the existence of a fiduciary relationship is that such an obligation existed "*while*" Jannuzzo was employed.[39] However, the Complaint also indicates that Jannuzzo was terminated "shortly" after December 12, 2016.[40] According to the Complaint itself, then, Jannuzzo's termination would have ended the fiduciary relationship.[41] There is no allegation that a fiduciary relationship existed *after* his termination. All of the alleged misconduct happened "on or around January 11, 2017."[42] "[A] fiduciary relationship exists where confidence is reposed by one part *and* a trust accepted by the other."[43] Plaintiff's own allegations undermine any assertion that SCCY continued to have

---

[37] *In re Mouttet*, 493 B.R. 640, 661 (Bankr. S.D. Fla. 2013).

[38] *Pediatric Nephrology Associates of S. Florida v. Variety Children's Hosp.*, 226 F. Supp. 3d 1346, 1356 (S.D. Fla. 2016) (citing *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011) (citing *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002))).

[39] Compl. ¶ 41 (emphasis added).

[40] Compl. ¶ 12.
Although the Complaint lists the date at December 12, 2017, Defendants believe this is a typographical error since December 2017 has not yet come to pass and the next date listed in the Complaint is January 11, 2017.

[41] *See, e.g., Pediatric Nephrology Associates of S. Florida*, 226 F. Supp. 3d at 1346.

[42] Compl. ¶¶ 13–21, 42.

[43] *Pediatric Nephrology Associates of S. Florida*, 226 F. Supp. 3d at 1346 (citing *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011) (citing *Doe v. Evans*, 814 So. 2d 370, 374

confidence in Jannuzzo after December 12. Nor can any of the alleged conduct be characterized as Jannuzzo accepting SCCY's trust.[44]

   4. **Plaintiff's claim against Jannuzzo for fraud in the inducement (Count IV) fails because it has not pleaded a basis for what the alleged false statements were or any reasonable reliance on such statements.**

A cause of action for fraud in the inducement contains four elements: "(1) a false statement regarding a material fact; (2) the statement makers knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance."[45] Additionally, a party must allege that its reliance was *reasonable*.[46]

The Court must dismiss SCCY's claim for fraudulent inducement because it fails to allege that SCCY *reasonably* relied on the unidentified misrepresentation. The Complaint asserts that the contents of the manila envelope were "unknown."[47] And Plaintiff doesn't explain how its alleged reliance on those unknown contents was reasonable—particularly since the Complaint also alleges that Jannuzzo never possessed damaging information and that such information doesn't exist.[48] How could SCCY have reasonably relied on Jannuzzo's alleged threat to release the "unknown" "'information' to the 'Feds and media'"[49]if "such information was never in the possession of PAUL JANNUZZO, does not exist, and therefore could not be released to harm SCCY"?[50] Count IV should be dismissed.

---

(Fla. 2002))) (emphasis supplied).

[44]   *See, e.g.,* Compl. ¶¶ 13–21, 42.

[45]   *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.,* 598 F.3d 802, 808–09 (11th Cir. 2010) (applying Florida law).

[46]   *Id.* (citing *Avila S. Condo. Ass'n, Inc. v. Kappa Corp.,* 347 So. 2d 599, 604 (Fla. 1977)).

[47]   Compl. ¶ 15.

[48]   Compl. ¶¶ 46–47.

[49]   Compl. ¶ 15, 17.

[50]   Compl. ¶ 47.

9

5. **Plaintiff has not alleged facts sufficient to support its claim for unjust enrichment claim (Count V).**

"To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it."[51]

(a) **Plaintiff fails to allege any facts concerning Bereczky.**

Nowhere in the Complaint are there any facts that can support any of the elements for an unjust enrichment claim against Bereczky.[52] Plaintiff fails to allege facts showing it conferred benefit on her, that she knew of that benefit, that she accepted or retained a benefit, or that it would be inequitable for her to retain the putative benefit.[53]

(b) **Plaintiff fails to allege Jannuzzo had knowledge of the benefit it claims to have conferred and indicates that it received a benefit in exchange.**

In order to state a claim for an unjust enrichment, Plaintiff must establish (among other things) that Jannuzzo had knowledge of the benefit conferred and that it would be unfair to allow him to retain that benefit.[54] Since the Complaint alleges that Plaintiff entered into a contract with Jannuzzo, that contract must have conferred some benefit on it. Any benefit conferred on Jannuzzo (his knowledge of which is not alleged) could not have been inequitable if a benefit was conferred on SCCY. Moreover, SCCY actually asserts the existence of a contract and doesn't claim that there was no consideration—allegations that undermine Plaintiff's unjust enrichment claim altogether. When a

---

[51] *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006)). *See also Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015) (applying Florida law).

[52] Compl. ¶¶ 1–22, 52–58.

[53] *See id.*

[54] Compl. ¶¶ 54 (allegation re conferred benefits), 55 (allegation re accepted and retained benefits), and 56 (allegation re inequitable result).

10

defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.[55]

## CONCLUSION

Plaintiff's Complaint is a jumble of unsupported conclusions that don't make a bit of sense. Plaintiff claims it kowtowed to Jannuzzo's threats to disclose unknown, non-existent information, that its CEO was forced to separately drive to a bank to make payment to Jannuzzo, and that Bereczky conspired without actually engaging in any conduct in or directed at the State of Florida. Plaintiff isn't entitled to haul Defendants into court in a foreign state based on concealed information and unsupported conclusions. The Complaint should be dismissed in its entirety.

Respectfully submitted this 8th day of August 2017.

       /s/
Benjamin D. Van Horn
Florida Bar No. 123952

John Da Grosa Smith
(*pro hac vice application in process*)

**SMITH LLC**
1320 Ellsworth Industrial Blvd., Ste. A1000
Atlanta, Georgia 30318
bvanhorn@smithlit.com
jdsmith@smithlit.com

*Counsel for Defendants*

---

[55] *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007) (no unjust enrichment where plaintiff failed to show defendant had not already paid for benefit).

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this **8th day of August 2017,** I hereby caused to be electronically filed the foregoing document with the Clerk of the Court using E-Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

_____/s/_____

Benjamin D. Van Horn
State Bar No. 123952

## SERVICE LIST

*SCCY Industries, LLC v. Paul Jannuzzo, et al.*
No. 2017-31179-CICI

**Thomas J. Leek, Esq.**
Fla. Bar No. 116408
Thomas.leek@cobbcole.com
Michele.staples@cobbcole.com
P.O. Box 2491
Daytona Beach, Florida 32115-2491
(386) 323-9210
Attorney for Plaintiff

*Via E-Portal / First Class Mail*