Filing # 58618321 E-Filed 07/05/2017 04:06:19 PM

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA |
| SCCY INDUSTRIES, LLC, | CASE NO.: DIVISION: |
| Plaintiff, |  |
| v. |  |
| PAUL JANUZZO and E. MONIKA BERECZKY, |  |
| Defendants. _____/ |  |

## COMPLAINT

COMES NOW, Plaintiff, SCCY INDUSTRIES, LLC ("SCCY"), and sues Defendants, PAUL JANUZZO and E. MONIKA BERECZKY, and states as follows.

### JURISDICTION, VENUE, AND PARTIES

1.  This is an action for civil conspiracy, violation of the Civil Remedies for Criminal Practices Act, breach of fiduciary duty, fraud in the inducement, and unjust enrichment valued at over $15,000.00 exclusive of interest, attorneys' fees, and costs.

2.  Plaintiff, SCCY INDUSTRIES, LLC ("SCCY"), is a limited liability company organized under the laws of the state of Florida with its principal address at 1800 Concept Court, Daytona Beach, FL 32114.

3.  Defendant, PAUL JANUZZO, is an individual residing in Savannah, Chatham County, Georgia.

4.  Defendant, MONIKA BERECZKY is an individual residing in Savannah, Chatham County, Georgia.

5. This Court has jurisdiction over this matter pursuant to section 48.193, Florida Statutes as the Defendants committed tortious acts within the state of Florida.

6. Venue is proper in this Court pursuant to section 47.011, Florida Statutes, as the acts giving rise to the instant lawsuit occurred in Volusia County, Florida.

## GENERAL ALLEGATIONS

7. Upon information and belief, Defendants PAUL JANUZZO and MONIKA BERECZKY are husband and wife.

8. SCCY is a manufacturer of firearms, and heavily regulated by a number of governmental agencies. Defendant PAUL JANUZZO joined SCCY as the Chief Operating Officer and General Counsel in October of 2015.

9. PAUL JANUZZO's job duties as Chief Operating Officer and General Counsel were such that he was responsible for overseeing SCCY's compliance matters with state and federal authorities, the company's day-to-day operations, and was the contact person for outside legal counsel and all governmental regulatory authorities.

10. At all times material, Defendant MONIKA BERECZKY was employed by SCCY beginning in May 2016, as the Compliance Manager, handling human resources and other compliance matters.

11. During PAUL JANUZZO'S employment with SCCY, Chief Executive Officer, Joe Roebuck ("Roebuck"), received numerous complaints from employees and vendors about PAUL JANUZZO's unpredictable, aggressive, and inappropriate workplace conduct.

12. PAUL JANUZZO attempted to get finance and accounting to directly report to him, but Roebuck refused. On or around December 12, 2017, PAUL JANUZZO confronted Roebuck regarding an organizational chart that had finance and accounting reporting directly to Roebuck,

and regarding PAUL JANUZZO's behavior as an employee of SCCY. Roebuck made the decision to terminate PAUL JANUZZO's employment shortly thereafter, and went about coordinating the logistics of the same.

13. On or around January 11, 2017, Roebuck met with PAUL JANUZZO. During the meeting, PAUL JANUZZO became irrationally angry, hurled profanity-laced insults at everyone within reach, and physically threatened both Roebuck and SCCY.

14. PAUL JANUZZO came to the meeting with a manila envelope. PAUL JANUZZO waived the manila envelope in front of Roebuck's face, and threatened that he was going to turn over the contents of the envelope to "the Feds" and the "media", and that he (PAUL JANUZZO) "would blow this place (SCCY) up."

15. PAUL JANUZZO demanded that he immediately be given $260,000.00 in cash from SCCY, and an additional $260,000.00 over the course of a year, or he would give the unknown contents of the manila envelope to federal authorities and the media.

16. Roebuck resisted, and informed PAUL JANUZZO that he could not obtain $260,000.00 immediately.

17. During the meeting, PAUL JANUZZO set his phone on the table and placed a phone call, via the speaker phone function, to a man who claimed to be in Texas. PAUL JANUZZO told the man to release the "information" to the "Feds and media". The unknown man replied that it would take forty (40) minutes for him to get some place to transmit the information. PAUL JANUZZO then began counting down the minutes for all to hear before the information would be released if Roebuck and SCCY did not acquiesce to his demands.

18. PAUL JANUZZO forced Roebuck to drive to the bank with him following in the car behind Roebuck. PAUL JANUZZO followed Roebuck into the bank, sat beside him, and

forced Roebuck to immediately transfer $260,000.00 to a Charles Schwab & Co. account, in Sioux Falls, South Dakota. PAUL JANUZZO then confirmed that the money was in his account, and the two left the bank.

19. After the money was wired, PAUL JANUZZO returned to SCCY immediately and hastily drafted an agreement requiring SCCY to wire $260,000.00 that day to PAUL JANUZZO, which had already happened, and pay the remainder weekly to PAUL JANUZZO until $520,000.00 was paid to PAUL JANUZZO.

20. Under duress, in fear physical harm, and of what PAUL JANUZZO might do to damage his company, Roebuck signed the agreement as CEO of SCCY.

21. SCCY contacted the Federal Bureau of Investigation shortly thereafter, who are actively investigating the matter.

22. SCCY discontinued the weekly payments to PAUL JANUZZO upon discussing the matter with the FBI.

## COUNT I—CIVIL CONSPIRACY

23. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

24. This is an action against PAUL JANUZZO and MONIKA BERECZKY for civil conspiracy, with damages in excess of $15,000.00 exclusive of costs and interest.

25. As PAUL JANUZZO feared that he would soon be terminated after his confrontation with Roebuck, he conspired with MONIKA BERECZKY to extort money from SCCY to offset the losses he would suffer if his employment was terminated.

26. PAUL JANUZZO and MONIKA BERECZKY, acting in concert, concocted a scheme in which PAUL JANUZZO would maliciously threaten SCCY of violating the law or

otherwise threaten communication to outside parties that would cause injury to SCCY's financial wellbeing and reputation, unless SCCY paid certain sums demanded to PAUL JANUZZO.

27. PAUL JANUZZO executed an overt act in pursuance of the conspiracy by drafting the agreement requiring SCCY to wire the $260,000.00 and then to make weekly payments to himself.

28. PAUL JANUZZO and MONIKA BERECZKY executed an overt act in pursuance of the conspiracy by accompanying Roebuck to SCCY's financial institution to ensure that the $260,000.00 was wired to PAUL JANUZZO.

29. As a result of PAUL JANUZZO's and MONIKA BERECZKY's unlawful conspiracy, SCCY has suffered damages.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT II—VIOLATION OF THE CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT

30. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

31. This is an action against PAUL JANUZZO and MONIKA BERECZKY for a violation of the Civil Remedies for Criminal Practices Act as outlined in section 772.103, Florida Statutes, with damages in excess of $15,000.00 exclusive of attorneys' fees, costs, and interest.

32. Both PAUL JANUZZO and MONIKA BERECZKY have with criminal intent directly and indirectly received proceeds from their extortion of SCCY in the form of the initial wire transfer and subsequent checks from SCCY.

33. PAUL JANUZZO extorted SCCY to sign the agreement to pay him sums which he was not otherwise entitled to.

34. PAUL JANUZZO then unlawfully coerced and extorted SCCY into transferring him $260,000.00 and to write him checks on a weekly basis for the remaining amounts he declared owed to himself.

35. The actions outlined in paragraphs 1-22 and 31-33 form a pattern of criminal activity.

36. SCCY has been injured by Defendants' violations of section 772.103, Florida Statues and is entitled to threefold their actual damages pursuant to section 772.104, Florida Statues.

37. SCCY has retained the law firm of Cobb Cole to provide them with legal services in this matter and has agreed to pay them a reasonable fee for such services.

38. SCCY is entitled to recover their attorneys' fees from Defendants pursuant to section 772.104, Florida Statutes.

WHEREFORE, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, attorneys' fees, costs, and interest, and for such other and further relief as this Court finds just and proper.

## COUNT III—BREACH OF FIDUCIARY DUTY

39. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

40. This is an action for breach of fiduciary duty against PAUL JANUZZO, with damages in excess of $15,000.00 exclusive of interest and costs.

41. While PAUL JANUZZO served as general counsel for SCCY he shared a fiduciary relationship with SCCY whereby SCCY reposed trust and confidence in PAUL JANUZZO and PAUL JANUZZO undertook such trust and assumed a duty to advise, counsel, and protect SCCY.

42. PAUL JANUZZO breached that duty to SCCY by extorting and defrauding SCCY into wiring and paying sums which were not due to him and to which he had no legal right.

43. As a result of PAUL JANUZZO's breach of fiduciary duty, SCCY has suffered damages.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendant, PAUL JANUZZO, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT IV—FRAUD IN THE INDUCEMENT

44. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

45. This is an action for fraud in the inducement against PAUL JANUZZO for fraud in the inducement, with damages in excess of $15,000.00 exclusive of interests and costs.

46. JANUZZO made false statements of material fact concerning the impending release of information which would greatly damage the financial wellbeing of SCCY and its reputation.

47. Such information was never in the possession of PAUL JANUZZO, does not exist, and therefore could not be released to harm SCCY.

48. PAUL JANUZZO knew or should have known his representations to SCCY were false.

49. Such false representations were intended to induce SCCY to act.

50. SCCY has suffered damages in the form of funds transferred or paid to PAUL JANUZZO in furtherance of his extortion scheme and fraudulent conduct.

51. SCCY is therefore entitled to rescission of the agreement entered into with PAUL JANUZZO and the return of all sums SCCY paid to JANUZZO pursuant to the terms of the agreement.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendant, PAUL JANUZZO, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## COUNT V—UNJUST ENRICHMENT

52. SCCY incorporates the allegations of paragraphs 1-22 as if set forth in full herein.

53. This is an action for unjust enrichment against PAUL JANUZZO and MONIKA BERECZKY for unjust enrichment, with damages in excess of $15,000.00 exclusive of interests and costs.

54. SCCY has conferred benefits on PAUL JANUZZO and MONIKA BERECZKY in the form of a wire transfer and subsequent payments in relating to their civil conspiracy to extort SCCY.

55. Defendants have voluntarily accepted and retained the benefits conferred on them by SCCY.

56. As the benefits conferred upon Defendants by SCCY as a result of Defendants' unlawful conduct, it would be inequitable to allow them to retain the fruits of their wrongful actions.

57. The agreement at issue in this matter was for an illegal purpose and is therefore void.

58. As such, it would be contrary to the public policy of the state of Florida to allow Defendants' to profit from their unlawful conduct.

WHEREFORE, Plaintiff, SCCY INDUSTRIES, LLC, demands judgment against Defendants, PAUL JANUZZO and MONIKA BERECZKY, for damages, costs, interest, and for such other and further relief as this Court finds just and proper.

## JURY TRIAL

SCCY INDUSTRIES, LLC., demands trial by jury on all actions so triable.

Dated this 5th day of July, 2017.



By:   /s/ Thomas J. Leek
      THOMAS J. LEEK
      FLA. BAR NO. 116408
      Primary e-mail address:
      Thomas.Leek@cobbcole.com
      Secondary e-mail address:
      Michele.Staples@cobbcole.com
      Post Office Box 2491
      Daytona Beach, FL 32115-2491
      Telephone: (386) 323-9210
      Facsimile: (386) 944-7954
      ATTORNEY FOR PLAINTIFF