## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

| | |
|---|---|
| SCCY Industries, LLC and Joseph V. Roebuck,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>Paul Jannuzzo, E. Monika Bereczky, Kronstadt Advisory Services LLC, Trans-Carpat Research & Analysis LLC, and De Mooie Hond LLC,<br>    *Defendants*. | No. 6:17-cv-1495-Orl-31-GAP-KRS<br><br>**JURY TRIAL DEMANDED** |
| SCCY Industries, LLC and Joseph V. Roebuck,<br><br>    *Counterclaim Defendants*,<br><br>    *v.*<br><br>Paul Jannuzzo and E. Monika Bereczky Jannuzzo,<br><br>    *Counterclaim Plaintiffs*. | |

### ANSWER OF DEFENDANT PAUL JANNUZZO TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Paul F.X. Jannuzzo answers the Second Amended Complaint (SAC) filed by Plaintiffs and asserts affirmative defenses as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

The SAC fails to state claims upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the express terms of the written agreement (dated January 10, 2017) among Defendants Paul F.X. Jannuzzo and Eva Monika Bereczky Jannuzzo on the one hand and Plaintiff SCCY Industries, LLC (SCCY) on the other hand (the Contract).

### Third Defense

Plaintiffs' claims are barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements.

### Fourth Defense

Plaintiffs' claims are barred because they did not and could not as a matter of law reasonably rely on any alleged fraudulent misrepresentation by any Defendant.

### Fifth Defense

Plaintiffs' claims are barred because they did not and could not as a matter of fact reasonably rely on any alleged fraudulent misrepresentation by any Defendant.

### Sixth Defense

Plaintiffs' claims fail because Plaintiffs' allegations of fraud were not pleaded with sufficient particularity.

### Seventh Defense

Plaintiffs' claim for unjust enrichment is barred because the Contract covers the same subject matter as the conduct that allegedly caused the unjust enrichment.

### Eighth Defense

Plaintiffs' claim for unjust enrichment is barred because Defendants did not knowingly accept any benefit from Plaintiffs that it would be unfair for Defendants to retain.

## Ninth Defense

Plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver, or estoppel.

## Tenth Defense

Plaintiffs' claims are barred because of Plaintiffs' fraud.

## Eleventh Defense

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

## Twelfth Defense

Plaintiffs' claims are barred by the doctrine of unconscionability.

## Thirteenth Defense

Plaintiffs' claims are barred because of Plaintiffs' own breaches of contract.

## Fourteenth Defense

Plaintiffs' claims are barred because they have not suffered any damages or injury as a result of any Defendant's conduct.

## Fifteenth Defense

Some or all of the damages alleged by Plaintiffs are subject to the right of recoupment or setoff.

## Sixteenth Defense

Plaintiffs' breach of fiduciary duty claim fails because Jannuzzo did not have an existing fiduciary duty to Plaintiffs at the time of the alleged breach.

## Seventeenth Defense

Jannuzzo reserves the right to add additional affirmative defenses as this case progresses.

## ANSWER

The first unnumbered paragraph of the SAC does not contain any factual averments to which Jannuzzo is required to respond. To the extent Jannuzzo is required to supply a response, he denies any allegations in the first unnumbered paragraph of the SAC.

Jannuzzo responds to the individually numbered paragraphs of the SAC as follows:

1.      The allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that Plaintiffs have asserted proper claims for extortion, violations of the Federal Racketeer Influenced and Corrupt Organizations Act (Federal RICO), civil conspiracy, or fraudulent conversion because those claims were dismissed with prejudice by the Court on August 2, 2018. Jannuzzo further denies that Plaintiffs have asserted proper claims for violations of the Florida Civil Remedies for Criminal Practices Act (Florida RICO) because those claims were dismissed by the Court on August 2, 2018 and Plaintiffs have elected not to replead them. Jannuzzo denies that he breached any fiduciary duty owed to Plaintiffs. Jannuzzo further denies that he fraudulently induced Plaintiffs. Jannuzzo denies that he was unjustly enriched at Plaintiffs' expense. Jannuzzo further denies that Plaintiffs are entitled to any relief against him. Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. The remaining allegations in Paragraph 1 are denied.

## THE PARTIES

2.      Jannuzzo admits that SCCY is a Florida limited liability company with its principal address at 1800 Concept Court, Daytona Beach, Florida 32114. The remaining allegations in Paragraph 2 are denied.

3.      Jannuzzo admits that SCCY manufactures a variety of firearms. Jannuzzo further admits that firearms manufacturers are subject to regulation and supervision by a number of governmental agencies, including the Bureau of Alcohol, Tobacco, Firearms and Explosives; the U.S. Department of State; and the U.S. Department of the Treasury (Alcohol and Tobacco Tax and Trade Bureau). Jannuzzo further states that SCCY was in violation of many of the regulations and laws that prohibit (a) importation of firearms and firearm parts from China and (b) certain transfers of technology to China, and that Plaintiff Joseph V. Roebuck had knowledge of and involvement in such violations. The remaining allegations in Paragraph 3 are denied.

4.      Jannuzzo admits that Roebuck is an individual. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations concerning Plaintiff Roebuck's current residence. Such allegations are therefore denied. Jannuzzo admits that Roebuck is the founder of SCCY. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations concerning Roebuck's current ownership of, relationship to, or position with SCCY.

5.      Jannuzzo admits that he is an individual who resides in Atlanta, Fulton County, Georgia. The remaining allegations in Paragraph 5 are denied.

6.      Jannuzzo admits that from on or about March 15, 2015 through on or about October 31, 2015 he was engaged by SCCY to serve as a consultant and part-time Chief Operating Officer (COO) for SCCY. Jannuzzo further admits that on or about November 1, 2015, SCCY hired him as a full-time employee to serve in the capacity of COO of SCCY. Jannuzzo denies that SCCY ever engaged or employed him to serve as General Counsel, but admits that he and Roebuck discussed over the course of several months the possibility that

Jannuzzo might assume the role of inside General Counsel for SCCY. Roebuck, however, was unwilling for SCCY to pay the costs associated with Jannuzzo performing that role (such as the costs of licensing in the State of Florida, the potential costs associated with Jannuzzo complying with continuing legal education requirements, and the need for Jannuzzo to be away from the office to take certain such courses). Jannuzzo never accepted the role of General Counsel for SCCY. Jannuzzo further denies that he ever provided legal counsel to SCCY or to Roebuck. The remaining allegations in Paragraph 6 are denied.

7.      Jannuzzo admits that Bereczky is an individual who resides in Atlanta, Fulton County, Georgia. Jannuzzo further admits that Bereczky's full legal name is Eva Monika Bereczky Jannuzzo. Jannuzzo states that the meaning of the phrase "also known as" is unclear in this context and therefore he is unable to respond to the allegations in the second sentence of Paragraph 7. Such allegations are therefore denied.

8.      Jannuzzo admits that he and Bereczky are legally married. The remaining allegations in Paragraph 8 are denied.

9.      Jannuzzo admits that Bereczky became an employee of SCCY in or around May 2016. Jannuzzo denies that Bereczky was hired by SCCY based on his recommendation or that she reported to him during her employment. Jannuzzo further denies that Bereczky was hired to perform the functions of Compliance Manager. The remaining allegations in Paragraph 9 are denied.

10.      Jannuzzo admits that Kronstadt was a Delaware limited liability company that was incorporated on October 28, 2013. Jannuzzo further admits that he wholly owned Kronstadt. Jannuzzo denies that Kronstadt is currently in operation as a Delaware corporation. The remaining allegations in Paragraph 10 are denied.

11.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11. Such allegations are therefore denied.

12.     Jannuzzo admits that Trans-Carpat was established as a South Dakota limited liability company on November 4, 2013. Jannuzzo further admits that Trans-Carpat was 50% owned by Kronstadt and 50% owned by DMH. Jannuzzo denies that Trans-Carpat is currently in operation as a South Dakota corporation. The remaining allegations in Paragraph 12 are denied.

13.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 since Plaintiffs have not identified the alleged "JOHN DOE" Defendant. Such allegations are therefore denied.

## JURISDICTION AND VENUE

14.     The allegations of Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that any claims in this action arise under 18 U.S.C. §§ 1962(c), 1962(d), or 1964. Jannuzzo further denies that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Counts Two and Three were dismissed with prejudice by the Court on August 2, 2018.

15.     The allegations of Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo does not contest the Court's jurisdiction over this matter under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000 (exclusive of interest, costs, and attorneys' fees). The remaining allegations in Paragraph 15 are denied.

16.     The allegations of Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that supplemental jurisdiction

over Plaintiffs' state law claims exists under 28 U.S.C. § 1367 because Plaintiffs' Federal RICO claims were dismissed with prejudice by the Court on August 2, 2018. The remaining allegations in Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo does not contest the Court's exercise of personal jurisdiction over him. Jannuzzo denies that he committed any tortious acts within the State of Florida. The remaining allegations in Paragraph 17 are denied.

18.     The allegations of Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 are denied.

19.     The allegations of Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that he ever improperly accessed SCCY's computer network or e-mail server. The remaining allegations in Paragraph 19 are denied.

20.     The allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo does not contest the Court's exercise of personal jurisdiction over him. Jannuzzo denies that he committed any tortious acts within the State of Florida and denies that he caused injury to Plaintiffs. The remaining allegations in Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo does not contest the venue of this litigation. Jannuzzo denies that Kronstadt or Trans-Carpat conducted any business in the State of Florida. Jannuzzo further denies that he, Kronstadt, or Trans-Carpat committed any

criminal or tortious acts within the State of Florida and denies that he, Kronstadt, or Trans-Carpat caused injury to Plaintiffs. The remaining allegations in Paragraph 21 are denied.

## PRELIMINARY ALLEGATIONS

22–30. Jannuzzo is not required to respond to the allegations in Paragraphs 22–30. These Paragraphs are not incorporated into any cause of action remaining in the SAC and relate only to Counts that were dismissed by the Court on August 2, 2018. To the extent a response is required, Jannuzzo denies the allegations in Paragraphs 22–30. Plaintiffs cannot pursue any claims based on them.

## HISTORICAL BACKGROUND AND FACTUAL ALLEGATIONS

31.     Jannuzzo admits that in or around February or March 2015, Jannuzzo communicated with Roebuck about providing operational or legal services to SCCY as an independent contractor, which the two had previously discussed during a firearms trade show in early 2015. The remaining allegations in Paragraph 31 are denied.

32.     The first sentence of Paragraph 32 is denied. Jannuzzo states that he was never retained to act as General Counsel for or on behalf of SCCY or Roebuck personally, although in early 2015, Jannuzzo and Roebuck discussed the possibility that Jannuzzo would become SCCY's General Counsel. Jannuzzo further states that he was engaged on a contract basis by SCCY in or around March 2015 to accompany Roebuck to SCCY's office in Georgia because Roebuck wanted to fire a SCCY employee for alleged embezzlement from SCCY and to conduct an internal investigation related to that alleged embezzlement. Jannuzzo denies that he was engaged through Kronstadt in March 2015 to provide services to SCCY. The remaining allegations in Paragraph 32 are denied.

33.     The allegations in Paragraph 33 are denied. Jannuzzo never provided legal services to SCCY or to Roebuck.

34.     The first sentence of Paragraph 34 is denied. Jannuzzo never acted as General Counsel for or on behalf of SCCY or Roebuck personally and was never compensated for providing legal services to SCCY or to Roebuck. Jannuzzo admits that from March 2015 through October 2015, he provided consulting services to SCCY on a contract basis and that he was paid various rates for his work and was sometimes paid on a per diem basis. Payments for Jannuzzo's work for SCCY during that time were made to an account held by Kronstadt. The consulting services Jannuzzo provided did not include providing legal advice or performing functions as an attorney on behalf of SCCY. The remaining allegations in Paragraph 34 are denied.

35.     Jannuzzo admits that, beginning in or around May 2015, Jannuzzo requested that SCCY make payments earned by Jannuzzo into an account held by Trans-Carpat, rather than into an account held by Kronstadt. Jannuzzo further admits that Trans-Carpat was 50% owned by Kronstadt and 50% by DMH. Jannuzzo denies that Trans-Carpat is currently in operation as a South Dakota corporation. The remaining allegations in Paragraph 35 are denied.

36.     Jannuzzo denies that Trans-Carpat is an active registered entity with the Secretary of State of South Dakota. Trans-Carpat was administratively dissolved by the Office of the Secretary of State of South Dakota. Denied that Kronstadt is an active registered entity with the Division of Corporations of the Department of State of Delaware. Jannuzzo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 36. Such allegations are therefore denied.

37.     Denied that Jannuzzo had an "as needed" outside General Counsel relationship with SCCY or with Roebuck. Jannuzzo admits that, in or around March 15, 2015, Jannuzzo agreed to serve as SCCY's outside Chief Operating Officer and subsequently identified himself as such when performing work or services for SCCY. Although Roebuck and Jannuzzo discussed over the course of several months the possibility that Jannuzzo might assume the role of inside General Counsel for SCCY, Roebuck was unwilling for SCCY to pay the costs associated with Jannuzzo performing that role (such as the costs of licensing in the State of Florida, the potential costs associated with Jannuzzo complying with continuing legal education requirements, and the need for Jannuzzo to be away from the office to take certain such courses).  Jannuzzo never accepted the role of General Counsel for SCCY. The remaining allegations in Paragraph 37 are denied.

38.     Denied that Plaintiffs had an "as needed" independent contractor relationship with Kronstadt or with Trans-Carpat. Jannuzzo admits that he provided services to SCCY as an independent contractor from in or around March 2015 until approximately October 2015. The remaining allegations in Paragraph 38 are denied.

39.     Jannuzzo admits that SCCY hired him as one of its full-time employees in or around the end of October 2015 and that he continued in his role as Chief Operating Officer (COO) after he was hired. Denied that Roebuck ever hired Jannuzzo to work for him personally. Although Roebuck and Jannuzzo discussed over the course of several months the possibility that Jannuzzo might assume the role of inside General Counsel for SCCY, Roebuck was unwilling for SCCY to pay the costs associated with Jannuzzo performing that role (such as the costs of licensing in the State of Florida, the potential costs associated with Jannuzzo complying with continuing legal education requirements, and the need for Jannuzzo to be

11

away from the office to take certain such courses). Jannuzzo never accepted the role of General Counsel for SCCY. The remaining allegations in Paragraph 39 are denied.

40.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 concerning the contents of the alleged December 11, 2015 e-mail because that e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that any such e-mail speaks for itself. Jannuzzo denies that he accepted a role as General Counsel for SCCY. The remaining allegations in Paragraph 40 are denied.

41.     Jannuzzo admits that his job duties as COO for SCCY included overseeing the day-to-day operations of the company, including various federal and state compliance matters, claim management, and negotiating contracts with business people representing various vendors used by SCCY. Jannuzzo denies that he was responsible for or involved with managing the legal strategy for any litigation or potential litigation matter, but did act as a corporate representative on behalf of SCCY in connection with certain litigation and potential claims against SCCY. Jannuzzo attended one deposition as the corporate representative for SCCY in the *Jennings v. Roebuck* case (Case No. 2103-30578, Seventh Judicial Circuit, Volusia County, Florida Circuit Court) (the *Jennings* Matter), not as counsel for Roebuck or for SCCY. Roebuck asked Jannuzzo to attend the deposition because the person being deposed had previously alleged that Roebuck had molested his then-girlfriend's son and Roebuck (a) wanted to determine whether the deponent would make similar statements during the deposition in the *Jennings* Matter and (b) was considering suing the deponent based on those allegations. Jannuzzo denies that he provided legal counsel or advice to SCCY concerning legal

matters or ongoing litigation or to Roebuck personally. The remaining allegations in Paragraph 41 are denied.

42.     Jannuzzo admits that his duties for SCCY included assisting Roebuck in developing SCCY's "vision" and implementing various policies and procedures to accomplish that vision. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 concerning the contents of the alleged November 16, 2015 document because it is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that any such document speaks for itself. Jannuzzo denies that he accepted a role as General Counsel for SCCY. The remaining allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 are denied.

44.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 44 concerning the contents of the alleged September 18, 2015 e-mail because that e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that any such document speaks for itself. Jannuzzo denies that he accepted a role as General Counsel for SCCY. The remaining allegations in Paragraph 44 are denied.

45.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 45 concerning the contents of the alleged July 13, 2016 e-mail because that e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that any such e-mail speaks for itself. Jannuzzo denies that he accepted a role as General Counsel for SCCY. Jannuzzo denies that he authorized or instructed Bereczky as an employee of SCCY to refer to him as SCCY's General Counsel and denies that

he informed her as an employee of SCCY that he was SCCY's General Counsel. The remaining allegations in Paragraph 45 are denied.

46.     The first sentence of Paragraph 46 is denied. Jannuzzo admits that he attended a deposition in the *Jennings* Matter with outside counsel to SCCY and Roebuck as SCCY's corporate representative, and that he attended the trial of that matter as SCCY's corporate representative. Jannuzzo further admits that he was presented to the Court in the *Jennings* Matter as SCCY's corporate representative. Jannuzzo admits that, as SCCY's corporate representative, he communicated with SCCY's outside counsel on behalf of SCCY. The remaining allegations in Paragraph 46 are denied.

47.     Jannuzzo denies that there was any basis for Roebuck, SCCY employees, or SCCY's outside counsel to consider him an attorney for SCCY or for Roebuck and that no such person legitimately or reasonably considered him to be an attorney for SCCY or for Roebuck. The remaining allegations in Paragraph 47 are denied.

48.     The allegations in the first sentence of Paragraph 48 are denied. Jannuzzo admits that Bereczky was responsible for managing certain aspects of SCCY's regulatory compliance during part of the time that she was employed there. Jannuzzo admits that he and Bereczky were involved in SCCY's self-disclosure to the Defense Trade Controls Compliance Department of the U.S. Department of State (the State Department Disclosure) about SCCY's illegal importation of firearm parts from China and illegal transfer of technology to China in violation of federal law and SCCY's later corrective self-disclosure concerning Roebuck's knowledge of and involvement with that scheme.

49.     The allegations of Paragraph 49 are denied.

## THE JANNUZZO TERMINATION

50.     Jannuzzo denies that his behavior, conduct, or actions during his work for SCCY (whether as an independent contractor or as an employee) were unpredictable, aggressive, or inappropriate. Jannuzzo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 50. Such allegations are therefore denied.

51.     The allegations of Paragraph 51 are denied, except that Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 51 concerning reports to Roebuck by SCCY's finance and accounting department.

52.     Jannuzzo denies that he received reimbursement for false expenses. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 52 concerning Roebuck's conclusions, thoughts, and decisions. Such allegations are therefore denied. The remaining allegations are denied.

53.     Jannuzzo admits that he created an organizational chart in or around December 2016, *pursuant to Roebuck's instructions*, that showed SCCY's finance and accounting department reporting to Jannuzzo. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 53 because the meaning of the phrase "at all times relevant" is unclear. Such allegations are therefore denied. The remaining allegations of Paragraph 53 are denied.

54.     The allegations of Paragraph 54 are denied, except that Jannuzzo admits he met with Roebuck on or around December 12, 2016 to discuss SCCY's illegal importation of firearm parts from China and illegal transfers of technology to China in violation of federal law and Roebuck's knowledge of and involvement in such violations.

55.     The allegations of Paragraph 55 are denied.

56.     Jannuzzo denies that he engaged in conduct that provided a basis for termination of his employment with SCCY for cause. Jannuzzo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 56. Such allegations are therefore denied.

## THE JANUARY 11, 2017 EXTORTION

57.     Jannuzzo admits that he shared an office with Wayne Holt (who was then-President of SCCY) and that he had a discussion with Holt at SCCY's offices on the morning of January 11, 2017, and while he does not recall the exact statements he or Holt made during that discussion, the discussion concerned SCCY's illicit importation of firearm parts from China and illegal transfers of technology to China in violation of federal law and Roebuck's knowledge of and involvement in such violations. Jannuzzo denies "confronting," "accosting," or "threatening" Holt during that discussion. The remaining allegations in Paragraph 57 are denied.

58.     Jannuzzo admits that, during his January 11, 2017 discussion with Holt, he showed Holt a set of materials related to SCCY's illegal importation of firearm parts from China and illegal transfers of technology to China in violation of federal law and Roebuck's knowledge of and involvement with that scheme. Jannuzzo further admits that he asked Holt to contact Roebuck so that Jannuzzo could discuss these matters with Roebuck, since SCCY was required under federal law and regulations to disclose corrective information to its original federal disclosure of the illegal importation/technology transfer scheme—including disclosures about Roebuck's knowledge of and involvement with the scheme. Jannuzzo admits that, after his discussion with Holt, he left SCCY's offices for a period of time. Jannuzzo further admits that he and Bereczky also intended to inform Roebuck on that day that they

16

were going to resign from their employment with SCCY. The remaining allegations in Paragraph 58 are denied.

59.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first and second sentence of Paragraph 59. Such allegations are therefore denied. Jannuzzo admits that Bereczky contacted him while he was away from SCCY's offices and that she asked him to return to the office to meet with Roebuck. Jannuzzo further admits that Bereczky informed him that she was being confronted by Roebuck and Eicher.

60.    The first sentence of Paragraph 60 is admitted. The remaining allegations in Paragraph 60 are denied, except that Jannuzzo admits that he requested that Eicher leave the conference room for the purpose of limiting the number of people who would be present when Jannuzzo discussed with Roebuck SCCY's illegal importation of firearm parts from China and illegal transfer of technology to China in violation of federal law and Roebuck's knowledge of and involvement in such violations. Jannuzzo further admits that Eicher initially resisted leaving the conference room, but eventually agreed to leave after Roebuck instructed him to do so. Jannuzzo admits that, when Eicher was in the process of leaving the conference room, he saw that Eicher was wearing a gun holster with a firearm in it (in violation of SCCY's internal policies).

61.    Jannuzzo admits that he again emphasized to Roebuck during the January 11, 2017 meeting that SCCY was required under federal law and regulations to disclose corrective information to its original federal disclosure of the illegal importation/technology transfer scheme—including disclosures about Roebuck's knowledge of and involvement with the scheme. Jannuzzo denies that he attempted to extort, fraudulently induce, or coerce Roebuck

or SCCY during that meeting. Jannuzzo further denies that he made terroristic threats during that meeting. The remaining allegations in Paragraph 61 are denied.

62.     The allegations of Paragraph 62 are denied, except that Jannuzzo admits that, during the course of the January 11, 2017 meeting, he, Bereczky, and Roebuck (on behalf of SCCY) agreed to the Contract for Jannuzzo and Bereczky to continue to provide certain services to SCCY as independent contractors rather than as direct employees of SCCY, including (among other things) for Jannuzzo to work on regulatory matters assigned to him by Roebuck and to continue to handle matters related to SCCY's State Department Disclosure. Jannuzzo further admits that the Contract provided for SCCY to pay for the work to be performed by him and Bereczky at the same amount that they had been paid on an annual basis by SCCY, with half of that amount to be "paid up front" and the "balance [to] be paid in equal increments over the subsequent fifty (52) [sic] weeks." Jannuzzo further states that the terms of the Contract speak for themselves.[1] Jannuzzo denies that he attempted to extort, fraudulently induce, or coerce Roebuck or SCCY during that January 11, 2017 meeting.

63.     Jannuzzo admits that he again informed Roebuck and Holt during the January 11, 2017 meeting that SCCY was required under federal law and regulations to disclose corrective information to its original federal disclosure of the illegal importation/technology transfer scheme—including disclosures about Roebuck's knowledge of and involvement with the scheme. Jannuzzo further admits that, during that meeting, he went through a portion of the documents he had shown Holt earlier that day which contained materials related to SCCY's illegal importation of firearm parts from China and illegal technology transfers to China in

---

[1]     A copy of the agreement is attached hereto as **Exhibit A**.

violation of federal law and Roebuck's knowledge of and involvement with that scheme, and Roebuck demanded to know if anyone else had seen the documents. Jannuzzo admits that he and Bereczky provided Roebuck with a copy of the full set of materials that same day. Jannuzzo denies that he attempted to extort, fraudulently induce, or coerce Roebuck or SCCY during that meeting. The remaining allegations in Paragraph 63 are denied.

64.     The allegations of Paragraph 64 are denied, except that Jannuzzo admits that he made a call that he placed on speakerphone during the January 11, 2017 meeting.

65.     The allegations of Paragraph 65 are denied. Jannuzzo further denies that he attempted to extort, fraudulently induce, or coerce Roebuck or SCCY during the January 11, 2017 meeting. Jannuzzo denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

66.     The allegations of Paragraph 66 are denied.

67.     The allegations of Paragraph 67 are denied.

68.     The allegations of Paragraph 68 are denied, except that Jannuzzo admits the up-front payment due to him and Bereczky from SCCY under the terms of the Contract was paid into an account jointly held by Jannuzzo and Bereczky at Charles Schwab (account no. 557x-xxxx). Jannuzzo denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70 are denied. Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court

on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further states that the terms of the Contract speak for themselves.

71.     The allegations of Paragraph 71 are denied, except that Jannuzzo admits that he, Bereczky, and Roebuck (on behalf of SCCY) signed the Contract and that Bereczky signed above the name "E. Monika Bereczky Jannuzzo." Jannuzzo denies that he caused Roebuck to sign the Contract under duress, in fear of physical harm, or in fear of damage to SCCY.

72.     The allegations of Paragraph 72 are denied. Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

73.     The allegations of Paragraph 73 are denied.

74.     The second and third sentences of Paragraph 74 are denied. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 74 concerning the contents of the alleged January 19, 2017 e-mail because that e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied, except that Jannuzzo admits he sent various communications to Roebuck after execution of the Contract concerning performance of the Contract—including SCCY's payment obligations thereunder. Jannuzzo further notes that any such January 19, 2017 e-mail speaks for itself.

75.     The allegations of Paragraph 75 are denied, except that Jannuzzo is without knowledge or information sufficient to admit or deny the allegations concerning payments made into bank accounts he does not own or control. Such allegations are therefore denied.

Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

76.     The allegations of Paragraph 76 are denied, except that Jannuzzo is without knowledge or information sufficient to admit or deny the allegations concerning payments made into bank accounts he does not own or control. Such allegations are therefore denied. Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

77.     The allegations of Paragraph 77 are denied, except that Jannuzzo admits that he sent an e-mail to Roebuck and Holt (copying Bereczky) on January 20, 2017 that states in full (emphasis added):

> Monika has still not received the pro forma ***invoice*** to complete the license application [for the IWA Messe in Nurnberg, Germany]. It was completed before she left. It would take a 10 second phone call to make certain she received it. If you want to look like Bill Alexander did last year with nothing but literature in SCCY's booth, so be it.
>
> Thank you for calling Maria yesterday [concerning the return of Jannuzzo's and Bereczky's personal property].[2] She had no idea what you were talking about. The agreement is still in breach (3x in 9 days). The payment called for thereunder has not been made.
>
> Direct someone to call liz [sic] and get the ***invoice*** forwarded. It's too easy, don't cut your nose off to spite your face.

---

[2]     That property is the subject of Jannuzzo and Bereczky's counterclaims.

Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts and the allegations in the last sentence of Paragraph 77 are therefore denied.

78.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 78 concerning the contents of the alleged January 20, 2017 e-mail because that e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that any such e-mail speaks for itself. Jannuzzo denies that he accepted a role as General Counsel for SCCY. The remaining allegations in Paragraph 78 are denied.

79.     The allegations of Paragraph 79 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

80.     The allegations of Paragraph 80 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

81.     The allegations of Paragraph 81 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

82.     The allegations of Paragraph 82 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no

RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

83. The allegations of Paragraph 83 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

84. The allegations of Paragraph 84 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

85. The allegations of Paragraph 85 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that extorted or attempted to extort SCCY or Roebuck.

86. Jannuzzo admits that he contacted Mike Wolfe using the popular text-messaging application What's App and by telephone after he left his employment with SCCY and once again became an independent contractor to SCCY. Jannuzzo further admits that he informed Wolfe that he and Bereczky had been unable to obtain all of their personal belongings from the SCCY corporate housing where they had been staying on week days and some weekends during their employment with SCCY when they ended their direct employment. Such items were wrongfully being withheld by SCCY and Roebuck. Jannuzzo requested that Wolfe arrange for those personal belongings to be returned to him and Bereczky. The remaining allegations in Paragraph 86 are denied.

87.     The allegations in Paragraph 87 are denied, except that Jannuzzo states he is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 87 concerning Wolfe's thoughts and motivations. Such allegations are therefore denied. Jannuzzo further denies that he extorted or attempted to extort Plaintiffs.

88.     The allegations of Paragraph 88 are denied. Jannuzzo further denies that he extorted or attempted to extort Plaintiffs.

89.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 89. Such allegations are therefore denied. Jannuzzo further denies that he extorted or attempted to extort Plaintiffs.

90.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 90. Such allegations are therefore denied. Jannuzzo further denies that he extorted or attempted to extort Plaintiffs. Jannuzzo admits that SCCY breached the Contract by failing to make all of the payments required under that agreement.

91.     Jannuzzo admits that he and Bereczky retained Shuffield, Lowman & Wilson, P.A. (Shuffield) in an effort to (among other things) enforce the terms of the parties' valid Contract and to obtain the return of their personal items from SCCY and Roebuck. Jannuzzo further admits that Shuffield sent a letter dated June 27, 2017 to Roebuck in his capacity as Chief Executive Officer of SCCY. Jannuzzo further admits that the contents of that letter speak for themselves, but that Plaintiffs did not attach a copy of the letter to the SAC as an exhibit. The remaining allegations in Paragraph 91 are denied. Jannuzzo further denies that he extorted Plaintiffs. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

92.     The allegations of Paragraph 92 are denied.

**THE JENNINGS POST-JUDGMENT MOTION & JANNUZZO AFFIDAVIT**

93.     Jannuzzo admits that Roebuck and SCCY were sued by Lottie R. Jennings and Luxx Industries, LLC in the *Jennings* Matter (*Jennings v. Roebuck* case (Case No. 2103-30578, Seventh Judicial Circuit, Volusia County, Florida Circuit Court)). Jannuzzo further notes that the allegations in that litigation speak for themselves. Jannuzzo further admits that the *Jennings* Matter was already pending when he began to work for SCCY as an independent contractor. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 93 concerning the status of the *Jennings* Matter after his relationship with SCCY ended. Such allegations are therefore denied. The remaining allegations in Paragraph 93 are denied.

94.     Jannuzzo admits that the trial in the *Jennings* Matter took place in August 2016. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 93 concerning the status of the *Jennings* Matter before his relationship with SCCY started or after his relationship with SCCY ended. Such allegations are therefore denied. The remaining allegations in Paragraph 94 are denied.

95.     Jannuzzo admits that, as the corporate representative for SCCY, he attended one deposition in and the trial of the *Jennings* Matter, not as counsel for Roebuck or for SCCY. Jannuzzo denies that he provided legal counsel or advice to SCCY concerning legal matters or ongoing litigation or to Roebuck personally. Jannuzzo denies that he appeared as an attorney for Roebuck or for SCCY at Roebuck's deposition and at the trial of the *Jennings* Matter. The remaining allegations in Paragraph 95 are denied.

96.     Jannuzzo admits that the jury returned a verdict in the *Jennings* Matter on August 31, 2016. Jannuzzo further admits that, on October 27, 2016, the court in the *Jennings* Matter entered a Final Order/Judgment for Plaintiff. Jannuzzo states that the proceedings in the *Jennings* Matter speak for themselves. Jannuzzo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 96. Such allegations are therefore denied.

97.     The allegations of Paragraph 97 are denied.

98.     The allegations in the first sentence of Paragraph 98 are denied. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 98 concerning communications among Plaintiffs' counsel in the *Jennings* Matter on the one hand and SCCY and Roebuck on the other hand. Such allegations are therefore denied. Jannuzzo further notes that any such communication speaks for itself. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. The remaining allegations in Paragraph 98 are denied.

99.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 99 because the alleged May 23, 2017 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo admits that he prepared and executed an affidavit that was filed in the *Jennings* Matter concerning the conduct of Roebuck and SCCY (the Jannuzzo Affidavit). Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. Plaintiffs' Federal and Florida RICO claims were dismissed by the

Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. The remaining allegations in Paragraph 99 are denied.

100.     Jannuzzo admits that the Jannuzzo Affidavit was filed in the *Jennings* Matter, but is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of Paragraph 100. Such allegations are therefore denied. Jannuzzo further notes that the proceedings in the *Jennings* Matter speak for themselves. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. The remaining allegations in Paragraph 100 are denied.

101.     The allegations in Paragraph 101 are denied.

102.     The allegations in Paragraph 102 are denied.

103.     The last sentence of Paragraph 103 is denied. Jannuzzo admits that the Jannuzzo Affidavit states, in part:

> Sometime in the summer of 2016, I was surprised to learn that there was a civil trial pending in Daytona Beach. Although I was only SCCY's COO and not its General Counsel, I was surprised Mr. Roebuck did not inform me of the matter. When we first discussed the case, he informed [me] that [it was] just a "collection" action.[3]

Jannuzzo further states that the Jannuzzo Affidavit speaks for itself. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he acted as an attorney for SCCY or for Roebuck. Jannuzzo further denies that the Jannuzzo Affidavit contained any

---

[3]     Jannuzzo Aff. ¶ 7. A copy of the Jannuzzo Affidavit is attached hereto as **Exhibit B**.

false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. The remaining allegations of Paragraph 103 are denied.

104.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 104. Such allegations are therefore denied. Jannuzzo further denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself.

105.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 105. Such allegations are therefore denied. Jannuzzo notes that the June 9, 2017 notice from counsel for SCCY and Roebuck to counsel for plaintiffs in the *Jennings* Matter speaks for itself. Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. Jannuzzo further denies that he caused any injury or harm to SCCY or Roebuck and denies that he is liable to them for any damages as a result of the Jannuzzo Affidavit.

106.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 106. Such allegations are therefore denied. Jannuzzo notes that the June 9, 2017 notice from counsel for SCCY and Roebuck to counsel for plaintiffs in the *Jennings* Matter speaks for itself. Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself.

107.    The allegations in Paragraph 107 are denied.

108.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 108. Such allegations are therefore denied, except that Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further denies that he maliciously authored and signed the Jannuzzo Affidavit. Jannuzzo notes that the Jannuzzo Affidavit speaks for itself. Jannuzzo further denies that he caused any injury or harm to SCCY or Roebuck and denies that he is liable to them for any damages as a result of the Jannuzzo Affidavit.

109.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 109. Such allegations are therefore denied, except that Jannuzzo denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. Jannuzzo never accepted the role of General Counsel for SCCY. Jannuzzo denies that the content of the Jannuzzo Affidavit violates any ethics rules applicable to lawyers.

110.    The allegations of Paragraph 110 (including all of its subparts) are denied.

111.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first, third, and last sentences of Paragraph 111. Such allegations are therefore denied. Jannuzzo denies that he was hired as or acted as General Counsel for SCCY. Jannuzzo further denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo denies that he maliciously disclosed confidential information, denies that he made any unauthorized disclosures of confidential information, and denies that he disseminated false

statements to the plaintiffs in the *Jennings* Matter or to their attorneys. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. Jannuzzo denies that he caused any injury or harm to SCCY or Roebuck and denies that he is liable to them for any damages as a result of the Jannuzzo Affidavit. The remaining allegations in Paragraph 111 are denied.

112.    The allegations in the first sentence of Paragraph 112 are denied. Jannuzzo further denies that the Jannuzzo Affidavit contained any false or perjurious statements and denies that Jannuzzo Affidavit improperly discloses any confidential information. Jannuzzo further notes that the Jannuzzo Affidavit speaks for itself. Jannuzzo denies that he maliciously submitted the Jannuzzo Affidavit and denies that he owes any continuing duty of confidentiality to SCCY or to Roebuck because he was never their attorney. Jannuzzo further denies that he caused any injury or harm to SCCY or Roebuck and denies that he is liable to them for any damages as a result of the Jannuzzo Affidavit. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the last sentence of Paragraph 112. Such allegations are therefore denied.

113.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 113. Such allegations are therefore denied.

### FACTUAL ALLEGATIONS SPECIFIC TO WIRE FRAUD (HONEST SERVICES), FRAUD IN THE INDUCEMENT & FRAUDULENT CONVERSION

114.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 114 because the March 5, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the March 5, 2015 e-mail speaks for itself. Although Roebuck and Jannuzzo discussed over the course of several months the possibility that Jannuzzo might assume the role of inside General Counsel for

SCCY, Roebuck was unwilling for SCCY to pay the costs associated with Jannuzzo performing that role (such as the costs of licensing in the State of Florida, the potential costs associated with Jannuzzo complying with continuing legal education requirements, and the need for Jannuzzo to be away from the office to take certain such courses). Jannuzzo never accepted the role of General Counsel for SCCY. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services.

115.    The allegations of Paragraph 115 are denied, except that Jannuzzo admits that, in or around March 2015, he accepted the position to act as outside COO for SCCY.

116.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 116 because the June 5, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the June 5, 2015 e-mail speaks for itself. Jannuzzo admits that he has been friends with Robert Suber for many years. Jannuzzo denies the second sentence of Paragraph 116. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services. The remaining allegations of Paragraph 116 are denied.

117.    The allegations of Paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo admits that he owed fiduciary duties to SCCY as its COO. Jannuzzo denies that he owed fiduciary duties to Roebuck personally. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he

owed any duties to SCCY or to Roebuck as an attorney. The remaining allegations of Paragraph 117 are denied.

118.    The first sentence of Paragraph 118 is denied. Jannuzzo admits that Safariland, LLC did not have a legal relationship with SCCY during the time that Jannuzzo worked for and provided services to SCCY. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he owed any duties to SCCY or to Roebuck as an attorney. Jannuzzo denies that he was the attorney or legal representative for Suber or M.G. Suber & Associates. The remaining allegations in Paragraph 118 are denied.

119.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 119 because the November 30, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied, except that Jannuzzo admits he was aware of the terms of the Safariland-Suber IDA. Jannuzzo further notes that the November 30, 2015 e-mail speaks for itself. The remaining allegations of Paragraph 119 are denied.

120.    The second and last sentences of Paragraph 120 are denied. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 120 because the December 3, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the December 3, 2015 e-mail speaks for itself. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he owed any duties to SCCY or to Roebuck as an attorney. Jannuzzo denies that he was the attorney or legal representative for Suber or M.G. Suber & Associates. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts.

Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services.

121.     The last sentence of Paragraph 121 is denied. Jannuzzo denies that he was the attorney or legal representative for Suber or M.G. Suber & Associates. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 121 because it is unclear whether Plaintiffs are alleging that (a) there were never any changes made by SCCY or M.G. Suber & Associates to the original document purporting to be the December 4, 2015 International Distrubutor [sic] Agreement between them (the SCCY–Suber IDA) or (b) all changes made to the SCCY–Suber IDA were made by overwriting one file. Such allegations are therefore denied. Jannuzzo admits that he made revisions to the SCCY–Suber IDA on behalf of SCCY.

122.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 122 because the December 4, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied.

123.     Jannuzzo admits that he signed the SCCY–Suber IDA, effective as of December 4, 2015, on behalf of SCCY. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 123 because the December 4, 2015 e-mail is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the December 4, 2015 e-mail speaks for itself. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services. The remaining allegations in Paragraph 123 are denied.

124.     The allegations of Paragraph 124 are denied.

125.     The allegations of Paragraph 125 (including all of its subparts) are denied. Jannuzzo further states that the terms of the SCCY–Suber IDA speak for themselves. Jannuzzo further states that many of these alleged "omissions" *are* contained in the SCCY–Suber IDA using similar language[4] or were irrelevant to the SCCY–Suber relationship in the first place.

126.     The allegations of Paragraph 126 are denied.

127.     The allegations of Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo admits that he owed fiduciary duties to SCCY as its COO. Jannuzzo denies that he owed fiduciary duties to Roebuck personally. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he owed any duties to SCCY or to Roebuck as an attorney. The remaining allegations of Paragraph 127 are denied.

128.     The allegations of Paragraph 128 are denied, except that Jannuzzo admits that he and Bereczky had dinner on or about August 2, 2016 with several people who were attending a compliance conference in Washington, D.C., including Suber (whom Jannuzzo has known for years) and that Suber paid for the dinner for all attendees because the dinner was at a members-only club of which only Suber was a member. Jannuzzo denies that this

---

[4]     *Compare, e.g.*, SAC ¶ 125.f. *with* SCCY–Suber IDA Article 6.A.; SAC ¶ 125.g. *with* SCCY–Suber IDA Article 6.C.; SAC ¶ 125.j. *with* SCCY–Suber IDA Article 8.C.2. & 8.D.; SAC ¶ 125.m. *with* SCCY–Suber IDA Article 12.A.; SAC ¶ 125.p. *with* SCCY–Suber IDA Article 15.; SAC ¶ 125.r. *with* SCCY–Suber IDA Article 24.A.

dinner was a kickback or bribe and notes that the dinner took place eight months after execution of the SCCY–Suber IDA.

129.    Jannuzzo admits that the August 4, 2016 e-mail from Robert Suber to him and Bereczky states:

> Monika:
>
> Great seeing you this week. We have to do this more often.
>
> I have a question. Aren't the SCCY pistols for export supposed to come with 3 magazines? That is what we have on our price sheet and our customers are expecting this. I ask this because the guns for Puerto Rico only came with 2 magazines.
>
> I remember in great detail Paul telling me that the export guns had a different box designed for 3 magazines.
>
> Has this changed? Please advise.
>
> Best regards,
>
> Robert

Jannuzzo further admits that Bereczky responded on August 4, 2017 in an e-mail addressed to Suber and himself which states:

> That is correct, Robert, all exports should come with three mags. As soon as we return to the office tomorrow we will figure it out.
>
> And yes, we need to do this more often :)

The remaining allegations of Paragraph 129 are denied. Jannuzzo further notes that the August 4, 2016 e-mails speak for themselves. Jannuzzo denies that he received any kickback or bribe from Suber or M.G. Suber & Associates.

130.    Jannuzzo admits that he responded to Suber's August 4, 2016 e-mail on the same day, addressed to Bereczky and Suber, stating:

> Tatsächlich Herr Doktor,
>
> Yes it's true that you should receive 3 mags. However the new box discussion had nothing to do with Export guns. That was a money maker for domestic sales. It should net us [*omitted*]. And yes it will require a new box.
>
> But you will recall trying to semi talk me out of doing it in the domestic market. As it would make it easier to beat the gray marketeers.
>
> Thank you very much for the evening on Tuesday.  feel a tad bad (but I will get over it) as that had to be a hefty check. Shite, I would not want the check for my scotch. But, again, thank you.
>
> Your wife and son are both amazing.
>
> Pax-

The remaining allegations of Paragraph 130 are denied. Jannuzzo further notes that the August 4, 2016 e-mails speak for themselves. Jannuzzo denies that he received any kickback or bribe from Suber or M.G. Suber & Associates.

131.    Jannuzzo admits that he sent an e-mail to Suber (copying Jack Suber) on January 10, 2017, that states:

> I regret to inform you that the 380 has been delayed. We will not make our self imposed deadline of January 15th and, in fact it is looking like it will be 04/15-04/30. The molds for this fell within our State Department disclosure last year. And, while the company in Korea has been building new molds, the QC reports have been coming back with more red than green. They may get it together sooner than that, but I no longer plan on such things.
>
> I know you have clients that have import permits that will expire and we are very sorry for the inconvenience and extra work this delay has caused.

The remaining allegations of Paragraph 131 are denied. Jannuzzo further notes that the January 11, 2017 e-mail speaks for itself. Plaintiffs' Federal and Florida RICO claims were dismissed

by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services.

132.    The allegations in Paragraph 132 are denied.

133.    The allegations of Paragraph 133 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo admits that he owed fiduciary duties to SCCY as its COO. Jannuzzo denies that he owed fiduciary duties to Roebuck personally. Jannuzzo denies that he accepted the role of General Counsel for SCCY and denies that he owed any duties to SCCY or to Roebuck as an attorney. The remaining allegations of Paragraph 133 are denied.

134.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 134 because the January 12, 2017 e-mail from Suber to him, Bereczky, and "others" is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the January 12, 2017 e-mail speaks for itself.

135.    The allegations in Paragraph 135 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services and denies that he defrauded or attempted to defraud SCCY or Roebuck.

136.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 136 because neither the January 11, 2017 nor the January 12, 2017 e-mails are attached as exhibits to the SAC. Such allegations are therefore

denied. Jannuzzo further notes that the e-mails speak for themselves. The remaining allegations in Paragraph 136 are denied.

137.    The allegations in Paragraph 137 are denied. Jannuzzo further denies that he extorted or attempted to extort SCCY or Roebuck and denies that he forced Roebuck to sign the parties' Contract.

138.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence (including the block quote) of Paragraph 138 because the January 12, 2017 from Jannuzzo to Suber, Bereczky, and "others" is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the January 12, 2017 e-mail speaks for itself. Jannuzzo denies that he was the attorney or legal representative for Suber or M.G. Suber & Associates. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services and denies that he defrauded or attempted to defraud SCCY or Roebuck.

139.    The allegations of Paragraph 139 are denied. Jannuzzo further denies that he extorted or attempted to extort SCCY or Roebuck and denies that he forced Roebuck to sign the parties' Contract.

140.    The allegations of Paragraph 140 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo admits that he owed fiduciary duties to SCCY during the time that he acted as its COO. Jannuzzo denies that he owed fiduciary duties to Roebuck personally. Jannuzzo denies that he accepted the role of General Counsel

for SCCY and denies that he owed any duties to SCCY or to Roebuck as an attorney. The remaining allegations of Paragraph 140 are denied.

141.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence (including the block quote) of Paragraph 141 because the January 12, 2017 from Suber to him, Bereczky, Roebuck, Holt, and "others" is not attached as an exhibit to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the January 12, 2017 e-mail speaks for itself. Jannuzzo denies that he was the attorney or legal representative for Suber or M.G. Suber & Associates. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services and denies that he defrauded or attempted to defraud SCCY or Roebuck.

142.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 142 because neither the January 11, 2017 nor the January 12, 2017 e-mails are attached as exhibits to the SAC. Such allegations are therefore denied. Jannuzzo further notes that the e-mails speak for themselves. The remaining allegations in Paragraph 142 are denied. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services.

143.    The allegations in Paragraph 143 are denied. Jannuzzo further denies that he extorted or attempted to extort SCCY or Roebuck and denies that he forced Roebuck to sign the parties' Contract.

144.    The allegations in the first sentence of Paragraph 144 are denied. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the last

sentence of Paragraph 144 because the July 20, 2017 letter from Nelson Mullins Riley & Scarborough, LLP to SCCY and Roebuck (the July 2017 Nelson Mullins Letter) is not attached to the SAC. Such allegations are therefore denied. Jannuzzo further states that the July 2017 Nelson Mullins Letter speaks for itself.

145.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 145 (including the block quote) because the July 2017 Nelson Mullins Letter is not attached to the SAC. Such allegations are therefore denied. Jannuzzo further states that the July 2017 Nelson Mullins Letter speaks for itself. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he deprived or schemed to deprive SCCY or Roebuck of their intangible right to honest services and denies that he defrauded or attempted to defraud SCCY or Roebuck.

**FACTUAL ALLEGATIONS SPECIFIC TO COMPUTER-RELATED CRIMES & BREACH OF FIDUCIARY DUTY**

146.     The allegations of Paragraph 146 are denied.

147.     The allegations of Paragraph 147 are denied.

148.     The allegations of Paragraph 148 are denied.

149.     The allegations of Paragraph 149 are denied.

150.     The allegations of Paragraph 150 are denied.

151.     The allegations of Paragraph 151 are denied.

152.     Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 152. Such allegations are therefore denied.

153.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 153. Such allegations are therefore denied.

154.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 154. Such allegations are therefore denied.

155.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 155. Such allegations are therefore denied.

156.    The allegations of Paragraph 156 are denied.

157.    The allegations in the last sentence of Paragraph 157 are denied. Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 157. Such allegations are therefore denied.

158.    The allegations of Paragraph 158 are denied.

159.    The allegations of Paragraph 159 (including all of its subparts) are denied.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are denied.

162.    The allegations of Paragraph 162 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any scheme to defraud, extort, or take money from SCCY and Roebuck.

163.    The allegations of Paragraph 163 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any scheme to defraud SCCY or Roebuck and denies that he attempted to conceal any enterprise or scheme.

**FUNDS TRANSFERRED TO THE DEFENDANTS & FACTUAL
ALLEGATIONS SPECIFIC TO MONEY LAUNDERING AND MONETARY
TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL
ACTIVITY**

### *Funds Received From SCCY and ROEBUCK*

164.    The allegations of Paragraph 164 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he was part of an enterprise, denies that he engaged in a scheme to defraud Plaintiffs, and denies that he engaged in money laundering.

165.    The allegations of Paragraph 165 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he was part of an enterprise and denies that he engaged in extortion, wire fraud, mail fraud, theft of trade secrets, breach of fiduciary duties, fraud in the inducement, or computer-related crimes.

166.    The allegations of Paragraph 166 are denied.

167.    The allegations of Paragraph 167 are denied.

168.    The allegations of Paragraph 168 are denied.

169.    The allegations of Paragraph 169 are denied. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him or Kronstadt.

170.    The allegations of Paragraph 170 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no

42

RICO scheme, no RICO enterprise, and no RICO predicate acts. It is further denied that Defendants engaged in money laundering. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him or Kronstadt.

171.    The allegations of Paragraph 171 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

172.    The allegations of Paragraph 172 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. It is further denied that Defendants engaged in money laundering. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him or Trans-Carpat.

173.    The allegations in Paragraph 173 are denied. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

174.    The allegations of Paragraph 174 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. It is further denied that Defendants engaged in money laundering. Jannuzzo denies that he provided access to or

authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

175.    The allegations of Paragraph 175 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

176.    The allegations of Paragraph 176 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. It is further denied that Defendants engaged in money laundering. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

### *Laundering of Funds To, From, and Among Defendants' Bank Accounts*

177.    The allegations in Paragraph 177 (including all of its subparts) are denied. Jannuzzo further denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

178.    The allegations of Paragraph 178 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any acts of money laundering.

*Extortion Payments by SCCY and ROEBUCK & the Laundering of These Funds*

179.    The allegations of Paragraph 179 (including all of its subparts) are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any acts of money laundering.

180.    The allegations of Paragraph 180 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any acts of money laundering. Jannuzzo denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

181.    The allegations of Paragraph 181 are denied. Plaintiffs' Federal and Florida RICO claims were dismissed by the Court on August 2, 2018; accordingly, there can be no RICO scheme, no RICO enterprise, and no RICO predicate acts. Jannuzzo further denies that he engaged in any acts of money laundering. Jannuzzo denies that he provided access to or authorized access of Plaintiffs to the transactional detail of bank accounts held by him, Kronstadt, or Trans-Carpat.

## CAUSES OF ACTION

## COUNT ONE – EXTORTION (FLA. STAT. § 836.05) (AGAINST ALL DEFENDANTS)

182.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 92 and 164 through 181 as if fully restated herein.

183–188. Jannuzzo is not required to respond to the allegations in Count One, which was dismissed with prejudice by the Court on August 2, 2018. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 183–88. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

## COUNT TWO – VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1962(C) (AGAINST ALL DEFENDANTS)

189.     Jannuzzo incorporates by reference his responses to Paragraphs 1 through 181 as if fully restated herein.

189–240. Jannuzzo is not required to respond to the allegations in Count Two, which was dismissed with prejudice by the Court on August 2, 2018. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 189–240. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

**COUNT THREE – CONSPIRACY TO VIOLATE TITLE 18, UNITED STATES CODE, SECTION 1962(C) PURSUANT TO 18 U.S.C. § 1962(D) (AGAINST ALL DEFENDANTS)**

241.     Jannuzzo incorporates by reference his responses to Paragraphs 1 through 181 as if fully restated herein.

242–249. Jannuzzo is not required to respond to the allegations in Count Three, which was dismissed with prejudice by the Court on August 2, 2018. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 242–49. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

**COUNT FOUR – VIOLATION OF FLORIDA STATUTES CHAPTER 772, *ET. SEQ.*, THE CRCP ACT (AGAINST ALL DEFENDANTS)**

250.     Jannuzzo is not required to respond to the allegations in Count Four, which was dismissed by the Court on August 2, 2018 and Plaintiffs have elected not to replead them. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraph 250. Plaintiffs cannot pursue any claims based on them.

251.     Jannuzzo incorporates by reference his responses to Paragraphs 1 through 181 as if fully restated herein.

252–312. Jannuzzo is not required to respond to the allegations in Count Four, which was dismissed by the Court on August 2, 2018 and Plaintiffs have elected not to replead them. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs

252–312. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

**COUNT FIVE – CONSPIRACY TO VIOLATE FLORIDA STATUTES
CHAPTER 772, *ET. SEQ.*, PURSUANT TO FLA. STAT. § 722.103(4)
(AGAINST ALL DEFENDANTS)**

313.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 181 and 252 through 270 as if fully restated herein.

314–320. Jannuzzo is not required to respond to the allegations in Count Five, which was dismissed by the Court on August 2, 2018 and Plaintiffs have elected not to replead them. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 314–20. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

**COUNT SIX – CIVIL CONSPIRACY
(AGAINST ALL DEFENDANTS)**

321.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 181 as if fully restated herein.

322–329. Jannuzzo is not required to respond to the allegations in Count Six, which was dismissed with prejudice by the Court on August 2, 2018. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 322–29. Plaintiffs cannot pursue any claims based on them. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

## COUNT SEVEN – BREACH OF FIDUCIARY DUTY
## (AGAINST DEFENDANT JANNUZZO)

330.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 21 and 31 through 181 as if fully restated herein.

331.    The allegations of Paragraph 331 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that he breached any duty owed to SCCY or to Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. The remaining allegations in Paragraph 331 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

332.    The allegations of Paragraph 332 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 332 are denied.

Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

333.     Jannuzzo admits that he was first licensed as an attorney by the State of New Jersey on or about May 2, 1983. The remaining allegations in Paragraph 333 are legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 333 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

334.     The allegations of Paragraph 334 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 334 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express

terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

335.    The allegations of Paragraph 335 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 335 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck, denies that he extorted or defrauded SCCY or Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

336.    The allegations of Paragraph 336 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 336 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck, denies that he conspired against SCCY or Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because

Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

337.    The allegations of Paragraph 337 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 337 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

338.    The allegations in Paragraph 338 are denied. Jannuzzo further denies that the Jannuzzo Affidavit contains false or perjurious statements. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

339.    Jannuzzo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 339 concerning the amount of money expended by SCCY or Roebuck in connection with the *Jennings* Matter. Such allegations are therefore denied. Jannuzzo denies that he breached any duty owed to SCCY or to Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of

the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo. The remaining allegations of Paragraph 339 are denied.

340.     The allegations of Paragraph 340 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 340 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck; denies that he continues to owe any duties to SCCY or Roebuck; denies that he deprived Plaintiffs of their alleged right to "honest services"; denies that he entered into any fraudulent contract with Plaintiffs; denies that he received any payments from SCCY or Roebuck to which he was not entitled; denies that he engaged in any unauthorized access to computer data, confidential information, or trade secrets; denies that he extorted Plaintiffs; denies that he made any false or perjurious statements under oath in the *Jennings* Matter (or any other official proceeding involving Plaintiffs); denies that he injured SCCY or Roebuck; and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

341.     The allegations of Paragraph 341 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 341 are denied. Jannuzzo further denies that he breached any duty owed to SCCY or to Roebuck; denies that

he continues to owe any duties to SCCY or Roebuck; denies that he injured SCCY or Roebuck; and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

### COUNT EIGHT – FRAUD IN THE INDUCEMENT (AGAINST ALL DEFENDANTS)

342.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 21 and 31 through 181 as if fully restated herein.

343.    The allegations of Paragraph 343 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that he fraudulently induced SCCY or Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him. The remaining allegations in Paragraph 343 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

344.    The allegations in Paragraph 344 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their

subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

345.    The allegations in Paragraph 345 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

346.    The allegations in Paragraph 345 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

347.    The allegations of Paragraph 347 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Jannuzzo further denies that he that he fraudulently induced SCCY or to Roebuck; denies that he deprived Plaintiffs of their alleged right to "honest services"; denies that he entered into any fraudulent contract with Plaintiffs; denies that he received any payments from SCCY or Roebuck to which he was not entitled; denies that he engaged in any unauthorized access to computer data, confidential information, or trade secrets; denies that he extorted Plaintiffs; denies that he made any false or perjurious statements under oath in the *Jennings* Matter (or any other

official proceeding involving Plaintiffs); denies that he injured SCCY or Roebuck; and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

348.    The allegations in Paragraph 348 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

349.    The allegations of Paragraph 349 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 349 are denied. Jannuzzo further denies that he received any payments from SCCY or Roebuck to which he was not entitled; denies that he injured SCCY or Roebuck; and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

350.     The allegations of Paragraph 350 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

351.     The allegations of Paragraph 351 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

352.     The allegations of Paragraph 352 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

353.     The allegations of Paragraph 353 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs

could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

354.    The allegations of Paragraph 354 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 354 are denied. Jannuzzo further denies that he received any payments from SCCY or Roebuck to which he was not entitled; denies that he injured SCCY or Roebuck; and denies that SCCY and Roebuck are entitled to recover any damages from him. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

## COUNT NINE – UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

355.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 21 and 31 through 181 as if fully restated herein.

356.    The allegations of Paragraph 356 are legal conclusions to which no response is required. To the extent a response is required, Jannuzzo denies that he was unjustly enriched by SCCY or Roebuck, denies that he injured SCCY or Roebuck, and denies that SCCY and Roebuck are entitled to recover any damages from him, Kronstadt, or Trans-Carpat. The remaining allegations in Paragraph 356 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their

subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

357.    The allegations of Paragraph 357 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

358.    The allegations of Paragraph 358 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

359.    The allegations of Paragraph 359 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

360.    The allegations of Paragraph 360 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

361.    The allegations of Paragraph 361 are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

362.    The allegations of Paragraph 362 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Jannuzzo further states that Plaintiffs' claims are barred by the express terms of the Contract. Plaintiffs' claims are also barred because Plaintiffs affirmed and ratified the express terms of the Contract through their subsequent conduct and statements. Plaintiffs' claims are further barred because Plaintiffs could not as a matter of law or of fact reasonably rely on any alleged fraudulent misrepresentation by Jannuzzo.

## COUNT TEN – FRAUDULENT CONVERSION (AGAINST ALL DEFENDANTS EXCEPT JOHN DOE)

363.    Jannuzzo incorporates by reference his responses to Paragraphs 1 through 21 and 31 through 181 as if fully restated herein.

364–376. Jannuzzo is not required to respond to the allegations in Count Ten, which was dismissed with prejudice by the Court on August 2, 2018. To the extent Jannuzzo is required to supply a response, he denies the allegations in Paragraphs 364–76. Plaintiffs cannot pursue any claims based on them.


Jannuzzo denies any allegations in Plaintiffs' unnumbered WHEREFORE clause and all unnumbered headers in the Second Amended Complaint; denies that Plaintiffs are entitled to judgment against him; denies that Plaintiffs are entitled to an award of compensatory damages; denies that Plaintiffs are entitled to threefold damages, punitive damages, attorneys' fees and costs (including costs for investigation); and denies that Plaintiffs are entitled to an award of prejudgment interest.

Jannuzzo further denies that Plaintiffs have any valid claim against him; denies that Plaintiffs are entitled to any relief whatsoever against him; and denies that Plaintiffs are entitled to any other type of relief from the Court.

**Jannuzzo demands trial by jury on each and every issue so triable.**

WHEREFORE, Jannuzzo prays that this Court:

a.  Dismiss the Second Amended Complaint with prejudice;

b.  Award him the attorneys' fees, expenses, and costs incurred in connection with defending against this action; and

c.  Grant him such other and further relief as this Court deems just and proper.

## COUNTERCLAIM OF
## PAUL JANNUZZO AND E. MONIKA BERECZKY JANNUZZO[5]

Defendants/Counterclaim Plaintiffs Paul Jannuzzo (Jannuzzo) and Eva Monika Bereczky Jannuzzo (Bereczky) (collectively, the Jannuzzos) file this compulsory Counterclaim against Plaintiffs/Counterclaim Defendants SCCY Industries, LLC and Joseph V. Roebuck, for a writ of replevin, civil theft, and threefold damages.

### The Nature of the Dispute

1.      The Jannuzzos seek a writ of replevin to obtain their personal property which has been wrongfully withheld from them by Counterclaim Defendants. The Jannuzzos also seek civil theft threefold damages against Counterclaim Defendants because of their wrongful conduct. The Jannuzzos allege as follows:

### The Parties and Jurisdictional Allegations

2.      Counterclaim Plaintiff Paul F.X. Jannuzzo (Jannuzzo) is an individual who is a resident and citizen of the State of Georgia.

3.      Jannuzzo worked as an independent contractor for SCCY from on or about

---

[5]   This counterclaim is asserted on behalf of both Paul Jannuzzo and E. Monika Bereczky Jannuzzo. It is included in the pleadings for each of them.

March 15, 2015 through on or about October 31, 2015. He was hired by Roebuck as a full-time employee of SCCY on or about November 1, 2015.

4.     Counterclaim Plaintiff Eva Monika Bereczky Jannuzzo (Bereczky) is an individual who is a resident and citizen of the State of Georgia.

5.     Bereczky was hired in or around May 2016 by Roebuck to work as a full-time employee of SCCY. Throughout her employment by SCCY, Bereczky reported directly to Roebuck.

6.     Jannuzzo and Bereczky have been legally married since 2003.

7.     Counterclaim Defendant SCCY Industries, LLC (SCCY) is a Florida limited liability company with its principal address at 1800 Concept Court, Daytona Beach, Florida 32114.

8.     Counterclaim Defendant Joseph V. Roebuck who is believed to be a resident and citizen of the State of Florida.

9.     Counterclaim Plaintiffs' claims arise from the same transactions and occurrences that are the subject matter of Plaintiffs'/Counterclaim Defendants' Second Amended Complaint (SAC). Counterclaim Plaintiffs' claims do not require the addition of a party over whom the Court cannot acquire jurisdiction.

10.    The Court has jurisdiction over Counterclaim Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because (i) the matter in controversy in Plaintiffs/Counterclaim Defendants' SAC exceeds $75,000; (ii) there is diversity between Counterclaim Plaintiffs/Defendants and Counterclaim Defendants/Plaintiffs; (iii) the action initiated by Counterclaim Defendants/Plaintiffs in the Circuit Court for the Seventeenth Judicial Circuit in and for Volusia County, Florida was properly removed to this Court; and

(iv) Counterclaim Plaintiffs' claims are compulsory because they arise from the same transactions and occurrences that are the subject matter of the SAC.

**Factual Allegations**

*The Jannuzzos' Stay at the SCCY House*

11.    Throughout the time they worked for SCCY (whether as an independent contractor or full-time employees), the Jannuzzos were citizens of the State of Georgia, with their permanent residence being in Savannah, Georgia.

12.    During the period of time that Jannuzzo worked as an independent contractor, he frequently stayed at corporate housing rented by SCCY, located at 27 Promenade at Lion's Paw, Daytona Beach, Florida 32124 (the SCCY House), when he needed to be present at SCCY's facilities or otherwise in Florida performing work for SCCY.

13.    After Jannuzzo became a full-time employee of SCCY, he spent most week days and some weekends in Florida, to be near SCCY's facilities in Daytona Beach. Rather than returning to the Jannuzzos' home in Savannah each day, during those periods of time, Jannuzzo stayed at the SCCY House. Jannuzzo also had an office at SCCY's facilities.

14.    After Bereczky became a full-time employee of SCCY, she spent nearly every week day and some weekends in Florida, to be near SCCY's facilities in Daytona Beach. Rather than returning to the Jannuzzos' home in Savannah each day, during those periods of time, Bereczky stayed at the SCCY House.

15.    Roebuck also frequently stayed at the SCCY House during the periods of time that the Jannuzzos were there.

16.    Because of the frequency of their stays at the SCCY House and for convenience, the Jannuzzos left a variety of personal property at the SCCY House—including

much of their favorite clothing and certain items that carry significant sentimental value to each of them. Jannuzzo also maintained certain personal property in his office at SCCY.

17.    The personal property maintained at Jannuzzo's SCCY office included:

    a.    framed undergraduate and law school diplomas;

    b.    framed certificates and licenses; and

    c.    personal photographs (including with various former presidents and dignitaries such as Ronald Reagan, Bill Clinton, George H.W. Bush, John Breaux, John Smith, John Kasichs, Steve Forbes, Bob Barr, and Roy Ennis).

18.    The personal property maintained at the SCCY House by Jannuzzo included:

    a.    approximately ten pair of cufflinks, including by Montblanc and one set of heirloom cufflinks left to Jannuzzo by his late father (that are 20k gold with an onyx top and a gold inlay of the *Manneken Pis*);

    b.    three watches, including a Hamilton watch that was given to Jannuzzo's grandfather when he retired (and which bears the initials of Jannuzzo's grandfather, father, and himself);

    c.    four to five pair of men's dress shoes, including by Johnston Murphy and Bruno Magli;

    d.    approximately 15 men's silk ties in a Colonel Littleton carrying case;

    e.    one new Gilson briefcase;

    f.    one pair of men's Asics tennis shoes;

    g.    four to five men's Brooks Brothers suits;

    h.    several men's Brooks Brothers dress shirts;

    i.    several men's blazers;

    j.    three or four pair of men's khakis (pants);

    k.    three or four pair of men's shorts;

    l.    several men's polo shirts, including by Ralph Lauren and Izod;

    m.    several men's short-sleeved business casual shirts made of linen, silk,

<div style="margin-left:2em">or cotton;</div>

n.      two or three pair of men's dress linen pants;

o.      two pair of men's jeans;

p.      several men's sweaters;

q.      several men's t-shirts;

r.      a variety of men's underwear, undershirts, and socks;

s.      a Braun electric tooth brush;

t.      a Braun electric shaver with charging station;

u.      a Verizon tablet computer; and

v.      a carry-on size leather Orvis suitcase.

19.     The personal property maintained at the SCCY House by Bereczky included:

a.      a red coral necklace and coral bracelet that were handmade by Bereczky's mother;

b.      a variety of shawls and throws (in silk, wool, or cashmere), including a shawl that had belonged to Bereczky's late grandmother;

c.      approximately 10 silk scarves, including one from Hermès;

d.      three designer women's Romanian white and white with color hand-embroidered blouses (long and short sleeved) that were a gift to Bereczky from her mother;

e.      a variety of women's cashmere sweaters and other sweaters;

f.      two or three pair of women's designer jeans;

g.      several purses, including two that were handmade in Italy;

h.      three full sets of Murano jewelry (ring, necklace, bracelet), one in black, one in emerald green, and one in red;

i.      several bottles of perfume, including from Hermes, Chanel, and Lancôme;

j.      toiletries and make-up from Chanel, Lancôme, and Clinique;

k.      a pair of women's short Louise et Cie. boots;

l.      a pair of women's rainboots;

m.      two pair of women's Anne Klein casual shoes;

n.      one pair of women's patent leather-toe/leather body Coach shoes;

o.      one pair of women's black wedge leather/suede sandals;

p.      one pair of women's pink wedge leather/suede sandals;

q.      one pair of women's beige, black and white J Crew Sandals;

r.      one pair of women's Asics tennis shoes;

s.      one pair of women's Hugo Boss dress pants;

t.      one pair of women's Donna Karan white dress pants;

u.      one pair of women's navy blue-striped dress pants (by J Crew or Loft);

v.      one woman's J Crew navy blue dress blazer;

w.      two long white skirts;

x.      one woman's Benetton white blazer;

y.      seven women's dress shirts;

z.      approximately 15 t-shirts (both long and short sleeved);

aa.      St. Regis brand bed linens and towels, including two down pillows, one comforter, and several bed sets;

bb.      a variety of underwear and undershirts (including KNIX bras and several La Perla bra/underwear sets);

cc.      a variety of pajamas;

dd.      several pair of socks and DK pantyhose;

ee.      women's gym clothing (including pants, shorts, socks, tank tops, shirts), primarily from Under Armour;

ff.      an ironing board and a Rowenta iron;

gg.     three or four extension cords;

hh.     a variety of workout equipment, including a balance board, dumbbells, and yoga mats;

ii.     two beach chairs;

jj.     one large hard-side Samsonite suitcase; and

kk.     numerous books.

20.     The items specified in Paragraphs 17–19 are collectively referred to as the "Jannuzzo Property."

21.     There is no legal or justifiable factual basis for SCCY or Roebuck to refuse to return the Jannuzzo Property to the Jannuzzos.

22.     On information and belief, the Jannuzzo Property is still located at the SCCY House and Jannuzzo's office at SCCY.

23.     The replacement value of the Jannuzzo Property that SCCY and Roebuck have wrongfully refused to return is at least $21,000.

24.     Nothing can replace the sentimental value many of the items comprising the Jannuzzo Property hold for the Jannuzzos, but SCCY and Roebuck are obligated to compensate the Jannuzzos for the loss of these items during the last seven months.

### *SCCY's Illegal Importation of Firearm Parts & Transfers of Technology, and Roebuck's Involvement*

25.     SCCY and Roebuck's refusal to return the Jannuzzo Property—including property that could have little meaning to Roebuck but that carries great sentimental value to the Jannuzzos—stems from Roebuck's malicious efforts to harm the Jannuzzos. Those efforts include the prosecution of this action and the filing of a bogus unauthorized practice of law complaint against Jannuzzo in the State of Florida.

26.     Roebuck's campaign against the Jannuzzos was triggered by Jannuzzo's preparation and filing of a mandatory disclosure to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Defense Trade Controls Compliance Department of the U.S. Department of State (the State Department) *by SCCY* of a scheme at SCCY to illegally import firearm parts from China and illegal transfers of technology to China.

27.     Beginning in at least 2011, SCCY imported various firearm parts into the United States from China in violation of federal law.

28.     In 2014, SCCY personnel applied for an ATF Form 6—an Application and Permit for Importation of Firearms, Ammunition, and Implements of War—seeking to import parts from Hong Kong. The application was denied. Since last century, the United States has banned the importation of weapons and weapons parts from China.

29.     SCCY attempted to disguise the fact that it knew it was importing parts directly from China by indicating on its ATF Form 6 that the parts were being shipped from Hong Kong.

30.     Hong Kong, however, has officially been part of the People's Republic of China since 1997.

31.     After its ATF Form 6 application was denied, SCCY (in order to conceal its illegal conduct) began *indirectly* importing the gun parts. SCCY directed the Chinese manufacturer to ship the completed parts to Kyle Beattie Racing (KBR) in North Carolina, with the parts labeled as go-kart parts. SCCY then paid KBR to ship the supplies to Florida, where they were used by SCCY as part of the handguns it manufactures.

32.     To aid in this process, SCCY changed the descriptions of and SKU numbers on the parts that were to be shipped to it from KBR (transposing numbers so that they would

remain easily recognizable to SCCY employees) to better disguise the parts.

33.     In addition, SCCY (through Roebuck) illegally transferred computer-aided design files for certain firearm parts to China, in violation of restrictions prohibiting the certain transfers of technology to China.

34.     In 2016, after he began working at SCCY as a full-time employee, Jannuzzo uncovered details about this scheme. He alerted Roebuck, who denied having any knowledge of the scheme. At that time, Jannuzzo was not aware of any concrete information that contradicted Roebuck's denials.

35.     As required by federal law, in or around April 2016, Jannuzzo made the necessary disclosures to the ATF and the Department of State on behalf of SCCY (the Scheme Disclosures), which indicated that Roebuck had no knowledge of or involvement with the scheme.

36.     After the Scheme Disclosures, however, upon further investigation and review of then-newly discovered materials, Jannuzzo found substantial evidence demonstrating that Roebuck not only knew about the scheme, but that Roebuck also directed aspects of it (including personally authorizing the wire transfers from SCCY to pay the Chinese vendor that was making the parts).[6]

37.     Upon learning about Roebuck's involvement in the scheme, Jannuzzo informed Roebuck that SCCY was required to correct its Scheme Disclosures, which had been materially inaccurate in repeating Roebuck's denials about knowledge of or involvement in the scheme. Jannuzzo and Roebuck discussed this matter on January 11, 2017, which ultimately

---

[6]     *See, e.g.*, composite document attached hereto as **<u>Exhibit 1</u>**.

led to the Jannuzzos' resignation from SCCY as full-time employees the written agreement between Jannuzzo/Bereczky and SCCY (which was executed by Roebuck on behalf of SCCY), which was (incorrectly) dated January 10, 2017 (the Contract).

38.     On behalf of SCCY, Jannuzzo provided the necessary updated disclosures to the ATF and State Department on February 6 and 19, 2017.

### The Jannuzzos Leave the SCCY House and Roebuck Promises to Return Their Property

39.     At the same time that the parties executed the Contract, the Jannuzzos inquired about the retrieval of the Jannuzzo Property from the SCCY House. Roebuck informed them that he would take care of it and have the property shipped to the Jannuzzos in Georgia within two days.

40.     Roebuck further informed Bereczky that she should communicate with Mercedez Turner, the housekeeper SCCY paid to take care of the SCCY House, to coordinate the packing of the Jannuzzo Property.

41.     On January 11, 2017, Bereczky texted Turner and requested that Turner "be in charge with packing our things from all drawers, closets, top of dresser and nightstands including extension cords, ironing board, all the bedding that it's in the bed right now except for pillows. Everything that is in the bathroom except the cleaning supplies."

42.     Turner did not immediately respond to Bereczky's text.

43.     On January 12, 2017 at 2:30 p.m., Jannuzzo e-mailed Roebuck and informed him that the Jannuzzos had been unable to get Turner to respond to their texts: "We spoke relatively often and exchanged Christmas presents. I suspect after the locks were changed she is nervous about communicating with us." Jannuzzo also explained his concerns about the

treatment of the Jannuzzo Property:

> There are items that are going to be rather expensive to ship; to wit: the weights and other gym items. We have a fair amount of expensive items there that I want her [Turner] to be careful with: cufflinks, watches, shoes, suits, etc. So I would like Monika to be able to communicate with her directly.

44.     Shortly thereafter, at 2:56 p.m., Roebuck responded to Jannuzzo's e-mail and stated that "Mercedez [Turner] has been reached and will be contacting Monika accordingly."

45.     On January 12, 2017 at 2:55 p.m., Turner responded to Bereczky's January 11 text. At 3:15 p.m., Turner explained that she did not initially respond to Bereczky's text because "there was a gentleman at the house that told me not to respond. . . . I didn't even know his name. He just said that I no longer needed to respond or answer calls because you and [Jannuzzo] were no longer with SCCY. So I then called Wayne [Holt (then-President of SCCY)] and got it all figured out." Turner also expressed concern about how to pack the Jannuzzo Property and wanted to ensure that nothing was damaged, because she had "never packed expensive things before."

46.     Bereczky and Turner continued to text back and forth for a period of time that afternoon and over the next few days concerning (among other things) packing the Jannuzzo Property and the "gentleman at the house," whom Turner described as "pretty intimidating said something about being a cop or undercover or something weird like that."

47.     During that time, Bereczky and Turner also communicated about the purchase of materials in which the Jannuzzo Property would be packed and shipped and about the general logistics of the shipping.

48.     On information and belief, Turner purchased the materials in which the Jannuzzo Property was to be packed and shipped using funds supplied by SCCY.

49.     On or about January 26, 2017, in response to an inquiry from Bereczky, Turner informed her that all of the Jannuzzo Property had been packed and was ready to be shipped. Turner further informed Bereczky that Holt had instructed Turner that he would handle having the property shipped.

50.     Because of a large, annual firearms industry trade show that was taking place in Las Vegas, Nevada around this time (the SHOT show) in which SCCY was expected to participate, the Jannuzzos were not immediately concerned that their property had not been returned by the end of January 2017.

51.     By early February, however, the Jannuzzos began to question why SCCY and Roebuck had not returned the Jannuzzo Property. On February 2, 2017, Jannuzzo emailed Roebuck to inquiry about the Jannuzzo Property. He received no response. On February 10, 2017, Bereczky wrote to Turner to inquire about the return of the property. Bereczky received no response to her inquiry.

52.     At that point, Jannuzzo had already supplied the ATF and State Department with SCCY's necessary update to its Scheme Disclosures concerning Roebuck's knowledge of SCCY's illegal importation of firearm parts from China and illegal transfers of technology to China.

53.     Because of SCCY and Roebuck's refusal to return the Jannuzzo Property, the Jannuzzo's engaged counsel to try (among other things) to obtain its return. Their counsel sent a letter to SCCY (addressed to Roebuck) on June 27, 2017, demanding among other things the return of the Jannuzzo Property.[7]

---

[7]     A copy of the demand letter is attached as **Exhibit 2**.

54.     To date, neither SCCY nor Roebuck has returned the Jannuzzo Property.

## CAUSES OF ACTION

**Count I for Writ of Replevin and Damages (Fla. Stat. § 78.01, *et seq.*)**
**(against all Defendants)**

55.     Counterclaim Plaintiffs reallege and incorporate Paragraphs 1 through 54 of this Counterclaim as if fully set forth herein.

56.     The Jannuzzos are the owners of the Jannuzzo Property (whether individually or jointly) and are entitled to possession of it. The Jannuzzo Property was all either purchased by or gifted to the Jannuzzos (whether jointly or individually).

57.     Counterclaim Defendants have wrongfully and unlawfully detained the Jannuzzo Property. They have improperly and wrongfully maintained domination, possession, and control over the Jannuzzo Property in a manner that is adverse and hostile to the Jannuzzos' rights.

58.     The Jannuzzos have consistently sought the return of the Jannuzzo Property and have not abandoned it.

59.     Counterclaim Defendants have not and are not holding the Jannuzzo Property for purposes of paying a tax, assessment, or fine pursuant to law.

60.     The Jannuzzo Property was not taken under an execution or attachment against Counterclaim Plaintiffs, either jointly or individually.

61.     Accordingly, Counterclaim Plaintiffs are entitled to the issuance of a writ of replevin and the return of all items comprising the Jannuzzo Property that are specifically identified in Paragraphs 17–19 of this Counterclaim.

62.     Counterclaim Plaintiffs are also entitled to an award of damages for their loss

of use and enjoyment of the Jannuzzo Property during the time that Counterclaim Defendants have wrongfully and unlawfully detained the Jannuzzo Property.

<div align="center">

**Count II for Civil Theft (Fla. Stat. §§ 772.11(1) & 812.014)**
**(against all Defendants)**

</div>

63.     Counterclaim Plaintiffs reallege and incorporate Paragraphs 1 through 54 of this Counterclaim as if fully set forth herein.

64.     The Jannuzzos are the owners of the Jannuzzo Property (whether individually or jointly) and are entitled to possession of it. The Jannuzzo Property was all either purchased by or gifted to the Jannuzzos (whether jointly or individually).

65.     Counterclaim Defendants have knowingly obtained (and retained) the Jannuzzo Property with the intent to permanently or temporarily deprive Counterclaim Plaintiffs of the right to possession of, control of, dominion over, and enjoyment of that property.

66.     Counterclaim Defendants have knowingly obtained (and retained) the Jannuzzo Property with the intent to permanently or temporarily appropriate the property to their own uses or the uses of persons not entitled to use of the Jannuzzo Property.

67.     Counterclaim Plaintiffs have been injured as a result of being deprived of the Jannuzzo Property by Counterclaim Defendants.

68.     Counterclaim Plaintiffs provided Counterclaim Defendants with a written demand under Fla. Stat. § 772.11(1) on June 27, 2017. Counterclaim Defendants did not comply with that demand within 30 days.

69.     Accordingly, Counterclaim Plaintiffs are entitled to threefold the actual damages they have suffered as a result of Counterclaim Defendants' actions which constitute

theft in violation of Fla. Stat. § 812.014(1), in an amount not less than $63,000.

70.    Counterclaim Plaintiffs are also entitled to recover their reasonable attorneys' fees and court costs as a result of Counterclaim Defendants' conduct.

**Counterclaim Plaintiffs demand trial by jury on each and every issue so triable.**

WHEREFORE, Counterclaim Plaintiffs pray that this Court:

i)   find for them and against Counterclaim Defendants on Count I;

ii)  enter a writ of replevin for the Jannuzzo Property;

iii) award them damages for the loss of use possession of, control of, dominion over, and enjoyment of the Jannuzzo Property;

iv)  find for them and against Counterclaim Defendants on Count II;

v)   award them threefold the actual damages, in an amount not less than $63,000;

vi)  award them the reasonable attorneys' fees and court costs incurred in connection with bringing and prosecuting this Counterclaim;

vii) grant such other just and further relief as the Court deems appropriate.


This 16th day of August 2018.


                                        */s/ John Da Grosa Smith*
                                        John Da Grosa Smith
                                        (admitted *pro hac vice*)
                                        Kristina M. Jones
                                        (admitted *pro hac vice*)
                                        Benjamin D. Van Horn
                                        Florida Bar No. 123952

                                        **SMITH LLC**
                                        1320 Ellsworth Industrial Blvd.
                                        Suite A1000
                                        Atlanta, Georgia 30318
                                        (404) 605-9680

jdsmith@smithlit.com
kjones@smithlit.com
bvanhorn@smithlit.com

-and-

Joshua Entin
Florida Bar No. 493724
**ENTIN LAW GROUP, P.A.**
633 S. Andrews Ave.
Suite 500
Fort Lauderdale, FL 33301
(954) 761-7201
josh@entinlaw.com

*Counsel for Defendants Paul Jannuzzo, E. Monika Bereczky, Kronstadt Advisory Services LLC, Trans-Carpat Research & Analysis LLC, and De Mooie Hond LLC & Counterclaim-Plaintiffs Paul Jannuzzo and E. Monika Bereczky Jannuzzo*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this **16th day of** August **2018**, I hereby caused to be electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, former counsel of record, or pro se parties identified on the attached Service List in the manner specified.

<div align="right">

*/s/ Benjamin D. Van Horn*
Benjamin D. Van Horn
State Bar No. 123952

</div>

## SERVICE LIST

*SCCY Industries, LLC, et al. v. Paul Jannuzzo, et al.*
No. 6:17-cv-1495-Orl-31-GAP-KRS

Joseph A. DeMaria, Esq.
Susanne M. Calabrese, Esq.
FOX ROTHSCHILD LLP
2 South Biscayne Boulevard
One Biscayne Tower
Suite 2750
Miami, Florida 33131
(305) 442-6540
jdemaria@foxrothschild.com
scalabrese@foxrothschild.com

*Attorneys for Plaintiff*

Joshua Entin, Esq.
ENTIN LAW GROUP, P.A.
633 S. Andrews Ave.
Suite 500
Fort Lauderdale, Florida 33301
(954) 761-7201
josh@entinlaw.com

*Attorney for Defendants*

*Via CM/ECF*